UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT T. PERRY,<br>1354 Monaco Drive<br>Severn, Maryland, 21144<br><br>PLAINTIFF,<br><br>vs.<br><br>BRADLEY D. BELT,<br>Executive Director<br>Pension Benefit Guaranty Corporation<br>1200 K Street, N.W.<br>Washington, DC 20005-4026<br><br>DEFENDANT. | Case No.: _____ |

## COMPLAINT AND REQUEST FOR JURY TRIAL

### Preliminary Statement

1. The instant suit is brought by Robert T. Perry ("Perry," "Plaintiff") pursuant to Title VII of the Civil Rights Act of 1964 to redress the discrimination he has suffered on the basis of race, color, sex and/or retaliation arising from the actions of Defendant, Bradley D. Belt, Executive Director of the Pension Benefit Guaranty Corporation ("PBGC," "Defendant").

### Jurisdiction and Venue

2. This action arises under Title VII of the Civil Rights Act of 1964, as amended 1990, 42 USC Sec. 1981, 1983, 1985, and 1986 *et seq.*

3. All of the necessary administrative prerequisites for filing the race, color, sex and retaliation claims have been met, as the Plaintiff has timely filed a formal Complaint of discrimination with his federal employer, the PBGC, advanced his

complaint to the administrative hearing stage and is now entitled to file suit in light of the PBGC's dismissal of his claims ("See exhibit "1").

### Parties

4. Plaintiff is an African-American male citizen of Maryland residing at 1354 Monaco Drive, Severn, Maryland, 21144, who has engaged in protected EEO activity. At the time of the events giving rise to this case, and at all times relevant, Plaintiff was employed by Defendant, PBGC, which maintains offices in the District of Columbia.

5. Upon information and belief, Defendant, PBGC is a federal agency and has offices located at 1200 K Street, N.W., Washington, DC, 20005-4026.

6. At all times relevant to this case, Defendant, PBGC has been an employer and has engaged in an industry affecting commerce, has employed fifteen or more employees, and otherwise has been an employer, within the meaning of 42 U.S.C. Sec 2000(b).

### Factual Background

7. The Plaintiff has been employed at all relevant times with the Agency as an Auditor, GS-511-13.

8. Plaintiff previously filed EEO actions against the PBGC which resulted in the settlement of his claims in Perry v.Chao, Civil Action Nos. 03-2495 and 04-1996 (U.S.D.C.). The settlement is dated about November 8, 2005 ("Settlement Agreement").

9. On about November 23, 2005, Plaintiff obtained a copy of his form SF-50 from PBGC which stated that the personnel action referenced was "Pursuant to a stipulation and settlement presented to the U.S. District Court for the District of Columbia on November 8, 2005."

10. As a result of Defendant's reference to the Settlement Agreement in Plaintiff's SF-50, Plaintiff was unable to seek out employment for any other government position because of the statement's chilling effect on his prospective employment.

11. The Settlement Agreement also required the PBGC to provide Plaintiff with a safe working environment and acknowledged that unsafe working conditions were created or maintained by Stuart Bernson, Valda Johnson and Rhonda Baird.

12. Stuart Bernson, Valda Johnson and Rhonda Baird disseminated flyers, e-mails, intimidation, blackmail, slander, inflammatory, defamatory, and libelous statements and went so far as to threaten violence against Plaintiff. Defendant was aware of these hostile activities carried out by its employees and did not act in a prompt or appropriate manner to end the hostile work environment that was created and perpetuated against Plaintiff.

13. Plaintiff's co-worker Dwayne Jeffers was also subjected to the unsafe and hostile activities of Stuart Bernson, Valda Johnson and Rhonda Baird.

14. In about November 2005, Defendant offered Mr. Jeffers the option of working out of Defendant's Kingstown office or the maximizing of his flexiplace.

15. Plaintiff and Mr. Jeffers were similarly situated when it came to being subjected to an unsafe and hostile work environment, but only Mr. Jeffers was offered the option of these two remedies.

16. A short time after entering into the Settlement Agreement the PBGC began to retaliate against the Plaintiff, breached the Settlement Agreement and created, perpetuated and failed to abate a hostile work environment (race, color, sex, retaliation) against Plaintiff.

17. The Defendant, similarly, engaged in a series of discrete acts of retaliation immediately prior to the administrative Complaint in this matter as well as subsequent to the filing of the Complaint.

## COUNT I
## Hostile Work Environment based on Race

18. Plaintiff adopts and incorporates by reference all of the allegations set-forth in the previous paragraphs as if the same were set-forth in full in this count.

19. Defendant's aforementioned actions were based on Plaintiff's race.

20. Other similarly situated employees not of Plaintiff's race were not subject to these actions.

21. A causal connection exists between Plaintiff's race and the aforementioned actions.

22. Plaintiff was subjected to an objectively and subjectively hostile working environment by Defendant.

23. The hostile working environment was created and perpetuated by Defendant because of Plaintiff's race.

24. That the aforementioned events were severe and, or, pervasive.

4

25. Defendant's fostering, creating, allowing and perpetrating of a hostile work environment and of other disparate measures regarding Plaintiff's employment were taken and, or, allowed to occur by Defendant in a manner that violates Title VII.

26. As a direct result of Defendant's actions and omissions, Plaintiff suffered monetary and non-monetary damages.

27. In addition to the aforementioned, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages as a direct result of Defendant's actions and omissions.

WHEREFORE, PLAINTIFF PRAYS that he be awarded the following relief:

    A.    A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiff's legal rights;

    B.    An injunction enjoining Defendant from engaging in such conduct in the future;

    C.    An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute;

    D    An order directing Defendant to pay reasonable attorneys' fees and costs of this litigation; and

    E.    Such other and further relief as the Court may deem just.

## COUNT II
### Hostile Work Environment Based on Retaliation

28. Plaintiff adopts and incorporates by reference all of the allegations set-forth in the previous paragraphs as if the same were set-forth in full in this count.

29. Defendant's aforementioned actions were based on Plaintiff's filing and prosecuting the aforementioned EEO claims, his previous participation as a witness in EEO complaints and for protesting illegal discrimination.

30. A causal connection exists between Plaintiff's filing of the aforementioned EEO complaints, protesting illegal discrimination and the aforementioned adverse actions taken against him.

31. Plaintiff was subjected to an objectively and subjectively hostile working environment by Defendant.

32. The hostile working environment was created and perpetuated by Defendant because of Plaintiff's EEO activity.

33. That the aforementioned events were severe and, or, pervasive.

34. Defendant's fostering, creating, allowing and perpetrating of a hostile work environment and of other disparate measures regarding Plaintiff's employment were taken and, or, allowed to occur by Defendant in a manner that violates Title VII.

35. As a direct result of Defendant's actions and omissions, Plaintiff suffered monetary and non-monetary damages.

36. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages.

WHEREFORE, PLAINTIFF PRAYS that he be awarded the following relief:

    A. A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiff's legal rights;

    B.    An injunction enjoining Defendant from engaging in such conduct in the future;

    C.    An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute;

    D.    An order directing Defendant to pay reasonable attorneys' fees and costs of this litigation; and

    E.    Such other and further relief as the Court may deem just.

## COUNT III
### Retaliation

37. Plaintiff adopts and incorporates by reference all of the allegations set-forth in the previous paragraphs as if same were set-forth in full in this count.

38. Defendant's aforementioned actions were based on Plaintiff's filing and prosecuting the aforementioned EEO claims, his previous participation as a witness in EEO complaints and for protesting illegal discrimination.

39. A causal connection exists between Plaintiff's filing of the aforementioned EEO complaints, protesting illegal discrimination and the aforementioned adverse actions taken against him.

40. Plaintiff was subjected to adverse employment actions by Defendant.

41. As a direct result of Defendant's actions and omissions, Plaintiff suffered monetary and non-monetary damages.

42. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages.

WHEREFORE, PLAINTIFF PRAYS that he be awarded the following relief:

    A.    A declaratory judgment that the conduct engaged in by Defendant was a violation of Plaintiff's legal rights;

    B.    An injunction enjoining Defendant from engaging in such conduct in the future;

    C.    An order directing Defendant to pay an award of statutory compensatory (pecuniary and non-pecuniary) up to the maximum amount permitted by statute;

    D.    An order directing Defendant to pay reasonable attorneys' fees and costs of this litigation; and

    E.    Such other and further relief as the Court may deem just.

Respectfully Submitted,

_____/s/_____
Michael J. Snider, Esq.
Ari Taragin, Esquire
Jeffery Taylor, Esquire
Andreas N. Akaras, Of Counsel #46148
Snider & Associates, LLC
104 Church Lane, Suite 201
Baltimore, MD 21208
410-653-9060 phone
410-653-9061 fax
mike@sniderlaw.com email

## Request for Jury Trial

Plaintiff requests a trial by jury on all matters properly tried to a jury.

                                         ____/s/_____
                                         Andreas N. Akaras, 46148