UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Center for Public Integrity, | &#124; |
|     Plaintiff, | &#124; |
| v. | &#124; Civil Action No. 06-1818 (JDB) |
|  | &#124; ECF |
| U.S. Department of Health and Human Services, | &#124; |
|     Defendant. | &#124; |

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

    1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and the Federal Declaratory Judgment Act, 28 U.S. C. §§ 2201, 2202. Plaintiff seeks injunctive and declaratory relief to invalidate determinations by components of defendant Department of Health and Human Services that plaintiff 1) does not qualify for treatment as a "representative of the news media" within the meaning of FOIA, and 2) is therefore not entitled to favorable processing fee status under FOIA.

**Jurisdiction and Venue**

    2.    This Court has jurisdiction over this action, and venue lies in this district, pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202.

**Parties**

    3.    Plaintiff, Center for Public Integrity, is a District of Columbia corporation, a tax-exempt public charity and a nonprofit, nonpartisan, non-advocacy, independent journalism organization based in Washington, D.C. "The mission of the Center for Public Integrity is to produce original investigative journalism about significant public issues to make institutional

power more transparent and accountable." Mission Statement, http://www.publicintegrity.org/about/about.aspx?act=mission.

4.      Defendant U.S. Department Of Health and Human Services ("HHS") is an agency of the United States. The Public Health Service ("PHS") is a component agency of defendant HHS, and the Agency for Toxic Substances and Disease Registry ("ATSDR") is a component agency of PHS. Defendant HHS (or its component agencies) has possession of and control over the records that plaintiff seeks.

## Plaintiff's First Freedom of Information Request

5.      By five separate letters to ATSDR dated December 21, 2005, plaintiff requested certain records (1) detailing non-governmental sponsored trips and certain correspondence logs that include letters (2) from members of Congress and the general public, (3) from the Environmental Protection Agency, (4) from the White House Council on Environmental Quality, and (5) from the Department of Defense. The agency aggregated these five requests and treated them as one for processing purposes.

6.      In each request letter, plaintiff noted it was "filing this FOIA request as a 'representative of the news media.'" FOIA provides that for a representative of the news media, fees may include duplication charges but not search charges, "when records are not sought for commercial use." 5 U.S.C. § 552(a)(4)(A)(ii). In addition, plaintiff requested a public-interest fee waiver pursuant to FOIA. 5 U.S.C. § 552(a)(4)(iii).

7.      Each request letter included this information: "The Center for Public Integrity is a nonpartisan, nonprofit, investigative reporting organization, based in Washington, D.C., whose mission is to examine and write about public service and ethics-related issues. The International Consortium of Investigative Journalists was created in 1997 as a project of the Center for Public

Integrity. For more information on the Center for Public Integrity, ICIJ and their online publication, please refer, respectively, to http://www.publicintegrity.org, http://www.icij.org, and http://www.public-i.org."

8. By letter to plaintiff dated October 5, 2006, defendant HHS responded to plaintiff's FOIA request, denying the fee waiver request and invoicing $6,898.00 for "search costs." This letter did not address plaintiff's claim that it is a representative of the news media.

9. By letter to defendant HHS dated October 18, 2006, plaintiff appealed defendant's response and asked for classification as a representative of the media under FOIA. Plaintiff's appeal noted that a review of plaintiff's recent publications, at http://www.publicintegrity.org/archives.aspx, would establish plaintiff's entitlement to this classification. With its appeal letter, plaintiff Center for Public Integrity supplied a list of 38 major journalism awards it received 1996 through 2006. The appeal letter noted that these awards were "conferred on us by other representatives of the news media who consider us to be one of their own."

## Plaintiff's Second Freedom of Information Request

10. By letter to PHS dated February 14, 2006, plaintiff requested copies of grants, contracts and/or agreements made through HHS in relation to the President's Emergency Plan for Aids Relief (Pepfar) since 2003.

11. In its request letter, plaintiff noted it was "filing this FOIA request as a 'representative of the news media.'"

12. The request letter included this information: "The Center for Public Integrity is a nonpartisan, nonprofit, investigative reporting organization, based in Washington, D.C., whose mission is to examine and write about public service and ethics-related issues. The International

Consortium of Investigative Journalists was created in 1997 as a project of the Center for Public Integrity. For more information on the Center for Public Integrity, ICIJ and their online publication, please refer, respectively, to http://www.publicintegrity.org, http://www.icij.org, and http://www.public-i.org."

  13. By letter to plaintiff dated February 22, 2006, PHS acknowledged receipt of plaintiff's FOIA request and stated that it had classified plaintiff as "Category III – Other Requestors." The effect of this classification, it said, was that "we will waive fees for the first 100 pages of duplication and the first two hours of search time. You will, however, be responsible for additional search and duplication charges."

  14. Plaintiff repeated its request to PHS for classification as a representative of the news media.

  15. By letter to plaintiff dated April 19, 2006, PHS responded to plaintiff's FOIA request, asserting that it was "unable to grant your request for fee classification change," citing HHS's public information regulations, which implement FOIA, and specifically 45 C.F.R. § 5.45. PHS advised that, based upon the "Category III" classification, "Current charges for search are at the rates of $19, $38, and $69 per hour, depending on the grade of the employee performing the search. … [T]he search for records is expected to exceed 12 hours, at the $38 and $69 rates."

  16. By letter to defendant HHS dated May 26, 2006, plaintiff appealed the denial of its request to receive classification "as a representative of the media" under FOIA.

  17. HHS contended in its response letter that "[t]he CPI web site acknowledges that it is a broker of information. Therefore, CPI is a secondary contributor, not a primary news-gathering organization." In its appeal plaintiff contested these statements, pointing out that

plaintiff is not "a broker of information," and that its Web site states that "Through objective and thorough analyses, the Center hopes to serve as an honest broker of information and to inspire a better-informed citizenry that can demand a higher level of accountability from its government and elected leaders." See, e.g., http://www.publicintegrity.org/about/release.aspx?aid=36.

18. With its appeal letter, plaintiff Center for Public Integrity supplied a list of nine major journalism awards it received in 2005 and 32 additional awards received from 1996 through 2004. The appeal letter noted that these awards were "conferred on us by other representatives of the news media who consider us to be one of their own."

### Plaintiff's Entitlement to Favorable Processing Fee

19. Plaintiff qualifies to be classified as a "representative of the news media" under FOIA.

20. Defendant HHS's assessment of search fees against plaintiff violates the fee provisions of FOIA.

21. Defendant HHS's refusal to process plaintiff's FOIA request until plaintiff agrees to pay search fees constitutes a wrongful withholding of the requested agency records.

22. On information and belief, PHS and defendant HHS have adopted a policy and practice of interpreting applicable regulations so as to deny plaintiff the favorable fee assessment status accorded to representatives of the news media.

23. Plaintiff requests information from PHS and from other components of defendant HHS on a continuing basis. Defendant HHS's policy with respect to plaintiff's entitlement to classification as a "representative of the news media" constitutes a continuing barrier to plaintiff's access rights under FOIA.

### Exhaustion of Administrative Remedies

24.     More than twenty working days have passed since defendant received each of plaintiff's appeals. Defendant has not made a determination with respect to either appeal.

25.     Plaintiff has exhausted all applicable administrative remedies.

### Demand for Relief

WHEREFORE, plaintiff requests that this Court:

1.      Order defendant and its component agencies to classify plaintiff as a "representative of the news media" for purposes of assessing processing fees associated with plaintiff's FOIA requests;

2.      Issue a declaration that plaintiff qualifies as a "representative of the news media" for purposes of assessing processing fees associated with plaintiff's FOIA requests;

3.      Award plaintiff its costs and reasonable attorneys' fees in this action; and

4.      Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

    /s/
Peter Newbatt Smith
D.C. Bar #458244
Center for Public Integrity
910 17th Street, N.W., 7th Floor
Washington, DC 20006-2606
202-481-1239
psmith@publicintegrity.org

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on this 21st day of November, 2006, I have mailed a copy of this First Amended Complaint by first-class mail to:

Michelle Johnson
Assistant U.S. Attorney, Civil Division
555 4th Street, N.W.
Washington, DC 20530

                                                  /s/
                                      Peter Newbatt Smith