

**PBGC**  Pension Benefit Guaranty Corporation
Protecting America's Pensions   1200 K Street, N.W., Washington, D.C. 20005-4026

Dwayne Jeffers
Representative of Robert T. Perry
Room 8749
Pension Benefit Guaranty Corporation
1200 K Street, NW
Washington, D.C. 20005

Re:       **Robert T. Perry**
          **Dismissal of PBGC Formal Complaint No. 06-04**

Dear Mr. Jeffers:

      On February 2, 2006, Mr. Perry filed a formal complaint of discrimination that has been docketed as PBGC Formal Complaint No. 06-04. PBGC acknowledged receipt of the complaint by letter dated February 13, 2006. Mr. Perry's initial contact with the EEO Office took place on January 5, 2006. In the formal complaint, Mr. Perry alleges that he has been discriminated against based on race, color, sex, and retaliation when: (1) as a result of a settlement of a prior EEO action, Perry v. Chao, Civil Action Nos. 03-2495 and 04-1996 (U.S.D.C., dated November 8, 2005) (the "Settlement Agreement" found at Perry Exhibit 1), PBGC issued several Notifications of Personnel Action ("Form SF-50") containing private and personal information; (2) he was subjected to a hostile work environment by certain individuals through emails and flyers in the workplace; and (3) PBGC did not offer to give Mr. Perry flexible work arrangements to prevent this hostile work environment, as it had offered to Mr. Jeffers.[1] As a remedy, Mr. Perry requests that (1) the "offending language" contained in the Form SF-50's be removed, and (2) all remedies and relief available under the law.

1. Form SF-50 Claim

      A brief review of the background behind this matter is helpful to an understanding of the claim at hand. On November 8, 2005, Mr. Perry entered into a settlement agreement with PBGC to settle various EEO claims of Mr. Perry, which was approved by the U.S. District Court for the District of Columbia. Under the settlement, Mr. Perry received a promotion and a cash payment, but would resign from the agency no later than twelve (12) months after the execution of the agreement. Settlement Agreement, at para. 2. In consideration of this arrangement, Mr. Perry agreed to settle "any and all matters that Plaintiff raised or could have raised [in the litigation], as well as all other matters related to Plaintiff's employment with PBGC." Settlement Agreement, at para. 1. As

---

[1] The statement of Mr. Perry's claims in this letter is in all respects a summary of the allegations, and shall not be interpreted to establish the truth, causality, or interrelationship of any of the matters contained in the statement.

part of the agreement, Mr. Perry negotiated that PBGC will provide him with a mutually acceptable letter of recommendation. Settlement Agreement, at para. 2(n). The agreement was silent as to PBGC's obligation to provide Mr. Perry with a mutually acceptable Form SF-50. In addition, the agreement did not contain a "confidentiality" clause, as sometimes is the case with EEO settlements. The District Court retained jurisdiction to enforce the terms of the settlement. Settlement Agreement, at p. 8.

In order to effectuate the settlement, on November 14, 2005, PBGC issued several Form SF-50's to Mr. Perry. These forms all had the notation "Pursuant to a Stipulation and Settlement presented to the U.S. District Court for the District of Columbia on November 8, 2005" in the Remarks box. Mr. Perry objected to this language, arguing that this notation was unwarranted and contrary to the intent of the settlement. The parties exchanged views on whether PBGC was required by OPM to include that notation. Without conceding to Mr. Perry's position, PBGC ultimately issued another set of Form SF-50's without the notation.

I have carefully reviewed this matter, and I conclude that this claim must be dismissed for several reasons. First, Mr. Perry's claim must be dismissed as moot, pursuant to EEOC Regulation 29 C.F.R. § 1614.107(a)(5), since the relief that he requested – removal of the notation on the Form SF-50's – has already occurred. Second, the District Court retained jurisdiction over the settlement. It is that body, rather than the EEO process, that has jurisdiction over this dispute. Therefore, this claim must be dismissed, pursuant to EEOC Regulation 29 C.F.R. § 1614.107(a)(3). See Lehman v. Potter, Appeal No. 01A24866 (February 27, 2003) (agency properly dismissed complaint under 29 C.F.R. § 1614.107(a)(3) as a collateral attack on a prior District Court settlement).

Mr. Perry's claim must also be dismissed for failure to state a claim under EEOC Regulation 29 C.F.R. § 1614.107(a)(1). In order for a complaint to state a claim, the complainant must be an "aggrieved employee" under the laws administered by the EEOC. The EEOC's federal sector case precedent has long defined an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. Diaz v. Department of the Air Force, EEOC Request No. 05931049 (April 21, 1994). Mr. Perry has not demonstrated any "harm." Contrary to Mr. Perry's assertions, EEOC Management Directive, 110, Ch. 12, Section 7 allows, but does not require, agencies to process a personnel action without such a notation. In addition, he has not demonstrated that PBGC violated either the letter or the spirit of the settlement. The settlement agreement was silent on whether PBGC had to provide Mr. Perry with a mutually acceptable Form SF-50 and on whether there were any confidentiality obligations on either party. Moreover, Mr. Perry has provided no concrete evidence of his allegation that PBGC was attempting to undermine his ability to find a new job. Bejar v. Dep't of Veterans Affairs, EEOC Appeal No. 01A11321 (April 3, 2001) (agency properly dismissed complaint because allegations "merely speculative without supporting evidence in the record."). In sum, in addition to EEOC Regulation 29 C.F.R. §§ 1614.107(a)(3) and (5), Mr. Perry's claim must also be dismissed for failure to state a claim under EEOC Regulation 29 C.F.R.

§ 1614.107(a)(1).

2. Hostile Work Environment Claim

I have carefully reviewed Mr. Perry's hostile work environment claim, as well as the related Memorandum from the Director, Human Resources Department, dated February 16, 2006, which is incorporated in its entirety by reference (the "HRD Memo", a copy of which is enclosed). Based on that evaluation, I conclude that Mr. Perry's claim must be dismissed for failure to state a claim under EEOC Regulation 29 C.F.R. § 1614.107(a)(1).

As earlier stated, in order for a complaint to state a claim, the complainant must suffer a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy under the EEO Laws. Diaz v. Department of the Air Force, EEOC Request No. 05931049 (April 21, 1994). As explained in more detail below, Mr. Perry's allegations involve incidents that occurred during the course of an internal union upheaval, and in that context, he has not been subjected to impermissible workplace harassment or workplace safety issues, for which the EEOC can provide a remedy.

As you are aware, over the past several years, Mr. Perry and other union members have been involved on different sides of a long-running, contentious intra-union and inter-union dispute. On numerous occasions these matters have carried over into the workplace. Indeed, all of you have traded numerous email accusations sent to many individuals, in addition to various complaints, FLRA Unfair Labor Practice charges, and legal actions against each other (and other entities you represent).

While the record is not clear what triggered this latest round of actions, PBGC conducted an internal investigation of Mr. Perry's complaints together with those raised by others. Both PBGC staff and attorneys in a private law firm retained by PBGC's Office of the General Counsel met with the parties on several occasions, reviewed numerous flyers and emails that were submitted, and interviewed other involved persons.

The HRD investigation found that neither the creation nor distribution of the flyers violated PBGC policies or requirements. HRD Memo, at 2. In addition, the investigation found that while PBGC did not approve of, or support, the content of the flyers, there was no evidence that their content or distribution violated the Collective Bargaining Agreement or any PBGC policy or directive. HRD Memo, at 3. More importantly, the HRD investigation concluded that, when an employee is engaged in "protected activity" in the labor relations contest, employees are required to be given wide latitude to express themselves, even for behavior that otherwise would not be condoned. See, e.g. Overseas Education Association, 11 FLRA 377 (1983) (when union requested agency to discipline non-member employee for distributing letter publicizing union's failure to help employee and urging union president be "recalled" from position, union violated employee's protected activity rights). Thus, PBGC management was required to give each of you wide latitude to engage in your protected activities, absent

-3-

"flagrant misconduct." Importantly from the EEO context, Mr. Perry did not provide any evidence in his complaint (or the voluminous 40 exhibit attachment) that these legal protections were not equally applied to each of you.

Similarly, the HRD investigation found that, in the context of this union dispute, the flyers do not constitute impermissible workplace harassment. HRD Memo, at 3. The investigation found that the flyers were not demonstrably "false," but rather expressed what are obviously your opponents' opinions and innuendos. See, e.g., Pension Benefit Guaranty Corp., Case No. WA-RP-05-002 (Reg. Dir. September 27, 2005), at 44-45 (NAGE flyers publicizing misconduct by Mr. Bernsen not actionable), remand on other grounds, 61 FLRA No. 85 (January 20, 2006). Indeed, the EEOC has consistently held that the EEO process is not a mechanism to attack internal union matters, and that such claims are properly dismissed pursuant to 29 C.F.R. § 1614.107(a). Mitchell v. Department of Veterans Affairs, EEOC Appeal No. 01951941 (November 12, 1998); see also Dennis v. Department of Veteran Affairs, EEOC Appeal No. 01A05224 (November 8, 2000) (complainant, a union vice president, failed to state a claim when union members spread rumors and email messages). In addition, the HRD investigation found that, contrary to Mr. Perry's assertions, the flyers did not pose a safety threat. HRD Memo, at 3.

Furthermore, Mr. Perry's hostile work environment claim must be dismissed because he settled "any and all matters that Plaintiff raised or could have raised in the above actions, as well as all other matters related to Plaintiff's employment with PBGC." Settlement Agreement, at para. 1. The alleged hostile work environment incidents described in Mr. Perry's EEO complaint existed prior to November 8, 2005. Thus, Mr. Perry released PBGC from any claims he could have raised in connection with these events. And, while Mr. Perry alleges that flyers and emails continued past November 8, 2005, they were part of the same series of incidents and raise no new basis or arguments from those that were occurring when he released PBGC from "all matters related to his employment ... up to and including the date of this Stipulation of Settlement and Dismissal." See Gallagher v. Barnhart, EEOC Appeal No. 01A21583 (June 12, 2003). In addition, all of the flyers submitted with Mr. Perry's complaint are undated and Mr. Perry failed to identify any specific flyer that was disseminated after November 8, 2005. Ultimately, if Mr. Perry wanted to pursue his hostile work environment claim, he should have carved that cause of action out of the settlement. Accordingly, this claim must also be dismissed, pursuant to EEOC Regulation 29 C.F.R. § 1614.107(a)(3). See Lehman v. Potter, Appeal No. 01A24866 (February 27, 2003).

Finally, to the extent that Mr. Perry's claims raised issues that were not resolved in the HRD investigation or not released as part of his prior EEO settlement, I find that those allegations to be general, unspecified allegations that have no support in the record. See Brown v. SSA, EEOC Appeal No. 01A15254 (January 28, 2003) (agency properly dismissed complaint for failure to state a claim when complainant failed to identify a specific incident or occurrence); Bejar v. Dep't of Veterans Affairs, supra. (agency properly dismissed complaint because allegations "merely speculative without supporting evidence in the record."). For example, Mr. Perry claims that the harassment included

intimidation, blackmail, slander, libel, defamation, and threats of violence. However, other than a few, isolated flyers and emails, which were discussed above, Mr. Perry did not provide any examples of such activity. He did not identify any specific instances of intimidation, blackmail, slander, libel, defamation or threats of violence. And while he alleges in the complaint that "several PBGC employees were fearful for his health," he does not identify who made those comments, when they were made, or which specific individuals he should be afraid of. And, while he did provide 40 exhibits to his complaint,[2] those exhibits largely presented background material that did not substantiate any of his current allegations.[3]

In summary, the emails and flyers involve internal union matters, which are not actionable under the EEO laws. Dennis v. Department of Veteran Affairs, supra. In addition, Mr. Perry released any hostile work environment claim he may have had when he recently settled his EEO issues in U.S. District Court. Finally, to the extent that Mr. Perry's allegations were not resolved as part of the HRD investigation or released as part of his prior EEO settlement, I find that his allegations to be general and unspecified, which are too vague to state a claim under EEOC regulations. Williams v. Department of the Air Force, EEOC Appeal No. 01A01983 (July 13, 2000). For those reasons, Mr. Perry's hostile work environment claim is dismissed pursuant to EEOC Regulation 29 C.F.R. §§ 1614.107(a)(1) and (3).

3.    Disparate Treatment Claim

Finally, Mr. Perry complains that PBGC did not offer him a flexible work arrangement to prevent the above hostile work environment, as it had offered to Mr. Jeffers. This claim must be dismissed for failure to state a claim under EEOC Regulation 29 C.F.R. § 1614.107(a)(1).

On September 28, 2005, both Mr. Jeffers and Mr. Perry contacted the EEO Office to complain about a hostile work environment. Each complainant was assigned an EEO Counselor and engaged in informal counseling.

As you know, informal counseling is designed to attempt to resolve a matter at the earliest possible point. On October 28, 2005, the EEO Counselor requested an extension up to 60 days in which to further seek resolution of Mr. Perry's complaint. However, he declined to extend counseling, advising on November 4, 2005 that he wished to terminate his EEO complaint against PBGC. ( see EEO Counselor's Report, dated November 25, 2005.) On the other hand, Mr. Jeffers elected to extend counseling past October 28, 2005. It was during this extension period that Mr. Jeffers requested a flexiplace work schedule. Ultimately, the parties were not able to agree on a resolution.

---

[2] I would note that, in the future, if Mr. Perry intends to rely on voluminous materials to support an EEO complaint, he must specifically provide where in such materials that support can be found. It is Mr. Perry's, not the EEO Office's, responsibility to substantiate his case.

[3] In his complaint, Mr. Perry also raises a January 2004 incident and an earlier sexual harassment claim. Both of these claims were released when he signed the Settlement Agreement.

-5-

After carefully reviewing this matter, I conclude that this claim must be dismissed for failure to state a claim under EEOC Regulation 29 C.F.R. § 1614.107(a)(1). First, as explained above, Mr. Perry's allegations involve incidents that occurred during the course of an internal union upheaval, and in that context, he has not been subjected to impermissible workplace harassment. Importantly, the HRD investigation found that, contrary to Mr. Perry's assertions, the flyers did not pose a safety threat, and that he presented no evidence of any person approaching him, or situation confronting him, which would have created a reasonable fear of harm. HRD Memo, at 3.

The negotiations with Mr. Jeffers, which ultimately did not result in Mr. Jeffers being granted flexiplace, took place in the context of informal EEO counseling. At that point, Mr. Perry had already terminated his EEO counseling, and settled all EEO matters that were pending at the time, including the instant matter. See EEOC Regulation 29 C.F.R. § 1614.107(a)(3).

In summary, Mr. Perry cannot demonstrate that he was harmed: (1) he was not subjected to a hostile work environment, (2) he released PBGC from any claims that he may have had when he settled his EEO action in District Court, and (3) his situation was distinguishable from that of Mr. Jeffers. Accordingly, his claim must be dismissed, pursuant to EEOC Regulation 29 C.F.R. §§ 1614.107(a)(1) and (3).

Conclusion

Mr. Perry's claims that PBGC issued several Form SF-50's containing confidential information, he was subjected to a hostile work environment, and alleged disparate treatment must be dismissed pursuant to EEOC Regulation 29 C.F.R. §§ 1614.107(a)(1), (3) and (5), and therefore, he is entitled to no relief under the EEO laws.

Mr. Perry has the right to appeal this decision to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036-9848, within 30 calendar days after you receive this decision. Mr. Perry must use EEOC Form 573, a copy of which is enclosed, in connection with an appeal. He may also deliver an appeal in person or by facsimile to the Office of Federal Operations, provided that briefs filed by facsimile are ten or fewer pages in length. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. Along with an appeal, Mr. Perry must submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief also were submitted to the PBGC, to the attention of the undersigned, at the EEO Office, Tenth Floor, 1200 K Street NW, Washington, D.C. 20005. Mr. Perry is advised that if he files an appeal beyond the 30 day period set forth in EEOC regulations, he should provide an explanation as to why the appeal should be accepted despite its untimeliness. If he cannot explain why any untimeliness should be excused in accordance with EEOC Regulation 29 C.F.R. § 1614.604, the EEOC may dismiss the appeal as untimely.

Alternatively, if Mr. Perry is dissatisfied with PBGC's decision in this case, he may file a civil action in an appropriate United States District Court within 90 calendar

days of the receipt of this decision, or within 90 days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been issued. If Mr. Perry chooses to file a civil action, that action should be captioned Robert T. Perry v. Bradley D. Belt, Executive Director, Pension Benefit Guaranty Corporation. Mr. Perry may also request the court to appoint an attorney for him and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the United States District Judge. Such an application must be filed within the same time period for filing the civil action.

If you or Mr. Perry have any questions about this complaint, please contact Lori J. Bledsoe, PBGC's EEO Manager, at (202) 326-4000, extension 3345.

Sincerely,

Dated: 5-3-06

Vincent K. Snowbarger
EEO Director

Enclosures:   Memorandum from Director, Human Resources Department, dated February 16, 2006

              EEOC Form 573

cc:   Robert T. Perry
      Lori J. Bledsoe

CERTIFICATE OF SERVICE

I hereby certify that on this __9th__ day of __MAY__, 2006, I caused the foregoing Letter of Dismissal in the matter of the Formal Complaint of Robert T. Perry, EEO Formal Complaint No. 06-04,

    to be personally served on:

Dwayne Jeffers
Representative of Complainant Robert T. Perry
Room 8749
Pension Benefit Guaranty Corporation
1200 K Street, NW
Washington, D.C. 20005

Robert Perry
Room 5803
Pension Benefit Guaranty Corporation
1200 K Street, NW
Washington, D.C. 20005

/s/ D. Willi___
David Williams
EEO Specialist
Pension Benefit Guaranty Corporation
Room 10803
1200 K Street, NW
Washington, D.C. 20005
(202) 326-4180 x3043

- 8 -



**PBGC** Pension Benefit Guaranty Corporation
Protecting America's Pensions  1200 K Street, N.W., Washington, D.C. 20005-4026

### DELIVERED BY HAND

Dwayne Jeffers
Representative of Robert T. Perry
Room 8749
Pension Benefit Guaranty Corporation
1200 K Street, NW
Washington, D.C. 20005

Re:     Robert T. Perry
        Consolidation and Dismissal of
        PBGC Formal Complaints No. 06-11 and 06-18

Dear Mr. Jeffers:

    On April 18, 2006, Mr. Perry filed a formal complaint of discrimination that has been docketed as PBGC Formal Complaint No. 06-11. PBGC acknowledged receipt of the complaint by letter dated April 25, 2006. Mr. Perry's initial contact with the EEO Office took place on March 15, 2006. In the formal complaint, Mr. Perry alleges that he has been discriminated against based on race, sex, and retaliation when he was subjected to a hostile work environment by certain individuals and PBGC did not take appropriate actions to alleviate the work place harassment.

    On July 24, 2006, Mr. Perry filed a formal complaint of discrimination that has been docketed as PBGC Formal Complaint No. 06-18. PBGC acknowledged receipt of the complaint by letter dated September 20, 2006. Mr. Perry's initial contact with the EEO Office took place on May 10, 2006. In the formal complaint, Mr. Perry alleges that he has been discriminated against based on race, sex, and retaliation when PBGC (1) issued him a Notification of Personnel Action ("Form SF-50") with language designed to hinder his future non-PBGC employment, and (2) issued a decision in PBGC Formal Complaint No. 06-04, which dismissed his EEO complaint.[1]

    Under EEOC Regulation 29 C.F.R. § 1614.606 (Joint Processing and Consolidation of Complaints), and EEOC Management Directive 110, Chapter 5, Section III.C, agencies are required to consolidate two or more complaints of discrimination filed by the same complainant. Accordingly, Mr. Perry's claims in PBGC Formal Complaint Nos. 06-11 and 06-18 will be considered on a consolidated basis. For the reasons indicated below, I must dismiss Mr. Perry's complaints, pursuant to EEOC Regulation 29 C.F.R. §§ 1614.107(a) (1), (3) and (8).

---

[1] During his informal counseling, Mr. Perry also claimed that a law firm hired by PBGC spread false information about him. That claim however was not included in the formal complaint. Accordingly, no further action is necessary with respect to that claim.

In PBGC Formal Complaint No. 06-11, Mr. Perry claims that he had been subjected to a hostile work environment. The issue of whether certain individuals subjected Mr. Perry to a hostile work environment was the subject of an internal PBGC investigation, which was conducted at Mr. Perry's request, during July and December 2005. On February 16, 2006, the Director, Human Resources Department, issued a Memorandum (the "HRD Investigation"), which concluded the actions that he complained about did violate the CBA or PBGC policies, or jeopardize his safety in the workplace. The investigation also found that PBGC's options were quite limited when an employee is engaged in "protected activity" in the labor relations context. See, e.g., Overseas Education Association, 11 FLRA 377 (1983) ) (when union requested agency to discipline non-member employee for distributing letter, which publicized union's failure to help employee and urging union president be "recalled" from position, the union violated the employee's protected activity rights).

Mr. Perry raised the same hostile work environment claim in PBGC Formal Complaint No. 06-04. On May 3, 2006, PBGC dismissed that complaint, including the hostile work environment claim, pursuant to EEOC Regulation 29 C.F.R. §§ 1614.107(a)(1) and (3). After examining the findings of the HRD Investigation, the Dismissal Letter concluded that Mr. Perry's allegations involved incidents that occurred during the course of an internal union upheaval, and in that context, he had not been subjected to impermissible workplace harassment that is actionable under the EEO laws. For that reason, consistent with EEOC precedent, the Dismissal Letter concluded that Mr. Perry's claims were properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(1). Dennis v. Department of Veteran Affairs, EEOC Appeal No. 01A05224 (November 8, 2000) (complainant, a union vice president, failed to state a claim when union members spread rumors and email messages).[2]

Mr. Perry's current complaint raises the same claims that were rejected in PBGC Formal Complaint No. 06-04. Under EEOC Regulation 29 C.F.R. §§ 1614.107(a)(1), an agency must dismiss a complaint that raises the same claim that was already decided by the agency. See McGhee v. USPS, EEOC Appeal No. 01A40932 (April 14, 2004). Thus, Mr. Perry's claim, which raises the same claim as raised in PBGC Formal Complaint No. 06-04, must be dismissed pursuant to EEOC Regulation 29 C.F.R. §§ 1614.107(a)(1).

In PBGC Formal Complaint No. 06-18, Mr. Perry claims that he had been discriminated against when PBGC issued a Form SF-50 with language designed to hinder his future non-PBGC employment. The language that Mr. Perry is concerned with is the by-product of a settlement of a prior EEO action, Perry v. Chao, Civil Action Nos. 03-2495 and 04-1996 (U.S.D.C., dated November 8, 2005) (the "Settlement Agreement").

---

[2] In his EEO complaint, Mr. Perry disputes the conclusion that his union opponents were engaged in protected activity, citing Dep't of the Air Force, 315th Airlift Wing v. FLRA, 294 F.3d 192 (D.C. Cir. 2002). In that case, the Court found that a union representative's behavior during a meeting, which included inappropriate words, as well as actual physical contact and physical intimidation, was not a protected activity under the FLRA. However, in the instant case, there was never any physical contact, nor was Mr. Perry able to demonstrate any reasonable fear of harm or violence. HRD Investigation, at 3. Thus, that case is inapposite. See Dep't of Veteran Affairs v. NAGE, 58 F.L.R.A. 44, 48 n.3 (September 10, 2002) (limiting the 315th Airlift Wing case to incidents involving physical touching).

In PBGC Formal Complaint No. 06-04, Mr. Perry raised the same claim in connection with earlier Form SF-50's that had been issued. As in PBGC Formal Complaint No. 06-04, I conclude that Mr. Perry's Form SF-50 claims must be dismissed pursuant to EEOC Regulation 29 C.F.R. §§ 1614.107(a)(1) and (3). First, since the District Court retained jurisdiction over the settlement, it is that body, rather than the EEO process, that has jurisdiction over this dispute. Therefore, this claim must be dismissed, pursuant to EEOC Regulation 29 C.F.R. § 1614.107(a)(3). See Lehman v. Potter, Appeal No. 01A24866 (February 27, 2003) (agency properly dismissed complaint under 29 C.F.R. § 1614.107(a)(3) as a collateral attack on a prior District Court settlement).

Mr. Perry's claim must also be dismissed for failure to state a claim under EEOC Regulation 29 C.F.R. § 1614.107(a)(1). Mr. Perry has not demonstrated any specific harm, nor has Mr. Perry has provided any concrete evidence of his allegation that PBGC was attempting to hinder future non PBGC employment. Bejar v. Dep't of Veterans Affairs, EEOC Appeal No. 01A11321 (April 3, 2001) (agency properly dismissed complaint because allegations "merely speculative without supporting evidence in the record."). The settlement agreement was silent on whether PBGC had to provide Mr. Perry with a mutually acceptable Form SF-50, and he has not demonstrated that PBGC violated either the letter or the spirit of the settlement.

Finally, in PBGC Formal Complaint No. 06-18, Mr. Perry claims that PBGC's dismissal of his complaint in PBGC Formal Complaint No. 06-04 was retaliatory. Mr. Perry provides no concrete evidence to support his argument. Moreover, the EEOC has consistently held that "a complainant may not collaterally attack a final agency decision by filing a second complaint challenging the determination rendered in that decision. The proper way to challenge a final agency decision is to appeal it to the EEOC." Merck v. USPS, EEOC Appeal No. 01882814 (September 9, 1988); see also Daggett v. USPS, EEOC Appeal No. 01A43065 (August 11, 2004) (agency properly dismissed under EEOC Regulation 29 C.F.R. § 1614.107(a)(8) a claim that a previously filed formal complaint was improperly dismissed, since the second complaint alleged dissatisfaction with the processing of a prior complaint). Thus, Mr. Perry's claim, must be dismissed pursuant to EEOC Regulation 29 C.F.R. §§ 1614.107(a)(1) and (8).

In summary, Mr. Perry's claims in PBGC Formal Complaint Nos. 06-11 and 06-18 are dismissed pursuant to EEOC Regulation 29 C.F.R. §§ 1614.107(a)(1), (3) and (8), and therefore, he is entitled to no relief under the EEO laws.

Mr. Perry has the right to appeal this decision to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036-9848, within 30 calendar days after you receive this decision. Mr. Perry must use EEOC Form 573, a copy of which is enclosed, in connection with an appeal. He may also deliver an appeal in person or by facsimile to the Office of Federal Operations, provided that briefs filed by facsimile are ten or fewer pages in length. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. Along with an appeal, Mr. Perry must submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief also were submitted to the PBGC, to the attention of the undersigned, at the EEO Office, Tenth Floor, 1200 K Street NW, Washington, D.C. 20005. Mr. Perry is advised that if he files an appeal beyond the 30 day period set forth in EEOC regulations, he should provide an explanation

as to why the appeal should be accepted despite its untimeliness. If he cannot explain why any untimeliness should be excused in accordance with EEOC Regulation 29 C.F.R. § 1614.604, the EEOC may dismiss the appeal as untimely.

Alternatively, if Mr. Perry is dissatisfied with PBGC's decision in this case, he may file a civil action in an appropriate United States District Court within 90 calendar days of the receipt of this decision, or within 90 days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been issued. If Mr. Perry chooses to file a civil action, that action should be captioned <u>Robert T. Perry v. Vincent K. Snowbarger, Interim Director, Pension Benefit Guaranty Corporation</u>. Mr. Perry may also request the court to appoint an attorney for him and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the United States District Judge. Such an application must be filed within the same time period for filing the civil action.

If you or Mr. Perry has any questions about this complaint, please contact Lori J. Bledsoe, PBGC's EEO Manager, at (202) 326-4000, extension 3345.

Sincerely,

*James C. Gerber*

Dated: 9/28/06

James C. Gerber
Acting EEO Director

Enclosure:   EEOC Form 573

cc:   Robert T. Perry
      Lori J. Bledsoe

-4-