# ATTACHMENT A



Case 1:06-cv-01371-CKK   Document 10-2   Filed 02/20/2007   Page 2 of 11
Case 1:03-cv-02495-CKK-AK   Document 30   Filed 11/08/2005   Page 1 of 10
Case 1:04-cv-01996-CKK-AK   Document 19-1   Filed 11/08/2005   Page 1 of 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT T. PERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action Nos. 03-2495 & 04-1996 (CKK) |
| ELAINE L. CHAO, *et al.*, | ) ) ) |
| Defendants. | ) ) |

### STIPULATION OF SETTLEMENT AND DISMISSAL

All Parties to this action hereby enter into the following Stipulation of Settlement and Dismissal. In order to resolve the matters in dispute in the above-styled actions and all other matters related to Plaintiff's employment without further litigation, expense or delay, Plaintiff and Defendants unconditionally agree to the following terms:

1. Release

Plaintiff and Defendants enter into this Stipulation of Settlement and Dismissal in order to make full and final settlement of any and all matters that Plaintiff raised or could have raised in the above actions, as well as all other matters related to Plaintiff's employment with PBGC. Plaintiff, in consideration of the action Defendants agree herein to take, knowingly and voluntarily agrees to accept the terms set forth herein in full satisfaction of any and all claims, demands, rights and causes of action of whatever kind and nature based upon his employment with the Pension Benefit Guaranty Corporation ("PBGC") up to the date Plaintiff signs this Stipulation of Settlement and Dismissal, including but not limited to the claims asserted in the above-styled actions.

Case 1:06-cv-01371-CKK   Document 10-2   Filed 02/20/2007   Page 3 of 11
Case 1:03-cv-02495-CKK-AK   Document 30   Filed 11/08/2005   Page 2 of 10
Case 1:04-cv-01996-CKK-AK   Document 19-1   Filed 11/08/2005   Page 2 of 9

In particular, and without limitation, this Stipulation of Settlement and Dismissal includes all possible claims for damages, backpay, front pay, loss of leave, loss of retirement and equitable relief by Plaintiff against Defendants prior to and including the date Plaintiff signs this Stipulation of Settlement and Dismissal. Further, and without limitation, this Stipulation of Settlement and Dismissal includes all possible claims for attorney's fees and costs that Plaintiff incurred or may incur in connection with this litigation and any other administrative proceeding involving the claims Plaintiff raised or could have raised in these actions.

Plaintiff withdraws, with prejudice, the above-styled complaints and all other pending, existing or putative causes of action, charges, complaints and appeals against Defendants in any forum, whether administrative or judicial. This Stipulation of Settlement and Dismissal constitutes the full, final and complete relief that Plaintiff may have for the conduct alleged in these actions.

Plaintiff agrees not to institute any other actions, charges, complaints, appeals or other proceedings against Defendants or any of Defendants' past or present employees, officers, agents or representatives concerning any matter related to his employment with PBGC and the termination of his PBGC employment that are based in any way on action or inaction as of this date by Defendants or Defendants' past or present employees.

Plaintiff releases Defendants and PBGC's past and present employees, officers, agents and representatives concerning all matters related to his employment with Defendants up to and including the date of this Stipulation of Settlement and Dismissal.

2. In consideration for the promises made herein, the Parties agree to take the following actions:

Case 1:06-cv-01371-CKK   Document 10-2   Filed 02/20/2007   Page 4 of 11
Case 1:03-cv-02495-CKK-AK   Document 30   Filed 11/08/2005   Page 3 of 10
Case 1:04-cv-01996-CKK-AK   Document 19-1   Filed 11/08/2005   Page 3 of 9

a) Defendants shall enter a formal Personnel Action in Plaintiff's Official Personnel File indicating Plaintiff was promoted, without back pay, to a GS-13, Step 3 auditor position one year prior to the date the Stipulation of Settlement and Dismissal is executed.

b) Defendants shall promote Plaintiff to a GS-13, Step 10, Series 511 Auditor position and increase his pay accordingly, effective the first full pay period following the execution of this Stipulation, which Plaintiff shall occupy for a period no longer than twelve (12) months ("the 12-Month Period", which period shall commence on the day that Plaintiff's promotion begins and end on the one-year anniversary of that date). The appointment to GS-13, Step 10, Series 511 Auditor position shall expire upon the earlier of (1) Plaintiff obtaining employment outside PBGC, or (2) the expiration of the 12-Month Period described above;

c) During the first six (6) months of Plaintiff holding a GS-13, Step 10, Series 511 Auditor position, Plaintiff shall be detailed to PBGC's Contracts and Control Review Department (CCRD), during which time Plaintiff shall be granted reasonable administrative time to attend job interviews and/or pursue training opportunities.

d) Following the execution of this Stipulation, PBGC shall pay for training opportunities not to exceed $10,100.00, the arrangements for which plaintiff may make up to and including the date of his resignation from employment with PBGC. To effect payment for such training opportunities, Plaintiff shall submit the invoices or requests for payment for such training to PBGC, and PBGC shall tender payment for the training to the appropriate training provider.

e) Plaintiff shall endeavor to find a detail to another federal agency to commence anytime during the first six (6) months of the 12-Month Period described above. If Plaintiff secures such a detail to another federal agency, PBGC shall cooperate and shall continue to compensate Plaintiff at a GS-13, Step 10 salary for the 12-Month Period described in Paragraph 2(b). Prior

Case 1:06-cv-01371-CKK   Document 10-2   Filed 02/20/2007   Page 5 of 11
Case 1:03-cv-02495-CKK-AK   Document 30   Filed 11/08/2005   Page 4 of 10
Case 1:04-cv-01996-CKK-AK   Document 19-1   Filed 11/08/2005   Page 4 of 9

to commencing a detail to another federal agency, Plaintiff shall surrender any and all PBGC property, credentials, access cards, and/or keys to PBGC premises.

f) If Plaintiff does not secure a detail to another federal agency during the first six (6) months of the 12-Month Period described above, PBGC shall pay Plaintiff a one time payment of $60,000.00 as soon as practicable, and PBGC shall place Plaintiff on leave without pay for the remainder of the 12-Month Period, during which time Plaintiff may continue to pursue the training opportunities referenced in paragraph 2(d) of this Stipulation. Upon the expiration of the first six (6) months of the 12-Month Period, Plaintiff shall immediately surrender any and all PBGC property, credentials, access cards, and/or keys to PBGC premises. During the time which Plaintiff is on leave without pay, PBGC shall pay Plaintiff's health insurance premiums. If Plaintiff secures employment outside PBGC anytime during the period he is on leave without pay, he shall immediately tender his resignation from employment with PBGC. Once the 12-Month Period expires, unless Plaintiff has already resigned, Plaintiff's resignation referenced in Paragraph 2(i) of this Stipulation shall be effected.

g) If Plaintiff secures employment outside PBGC anytime prior to the expiration of the first six (6) months of the 12-Month Period described above, he shall immediately tender his resignation from employment with PBGC. Defendants shall pay Plaintiff the one time payment of $60,000.00 as soon as practicable following Plaintiff's resignation. But Plaintiff shall only be entitled to one $60,000.00 payment under either Paragraph 2(f) or 2(g). Plaintiff acknowledges that payments can be expected to take a number of weeks. Plaintiff shall immediately surrender any and all PBGC property, credentials, access cards, and/or keys to PBGC premises.

h) If Plaintiff secures a detail to another federal agency within the first six (6) months of the 12-Month Period described above, and during that detail to another federal agency Plaintiff

Case 1:06-cv-01371-CKK    Document 10-2    Filed 02/20/2007    Page 6 of 11
Case 1:03-cv-02495-CKK-AK    Document 30    Filed 11/08/2005    Page 5 of 10
Case 1:04-cv-01996-CKK-AK    Document 19-1    Filed 11/08/2005    Page 5 of 9

secures employment outside PBGC, he shall immediately tender his resignation from employment with PBGC. Defendants shall pay Plaintiff a pro-rated portion of the $60,000.00, pro-rated over the 6-month period, which payment shall be made as soon as practicable following the date of his resignation.

i) Upon signing this Stipulation, Plaintiff shall submit to Defendants his irrevocable resignation from the PBGC effective at the end of the 12-Month Period, unless Plaintiff has earlier resigned.

j) If Plaintiff wishes to resign from PBGC prior to the end of the 12-Month Period, he shall submit a letter of resignation with an effective date earlier than the letter referenced in Paragraph 2(i) of this Stipulation.

k) During Plaintiff's detail to CCRD, Plaintiff may use PBGC computers, electronic mail, phones, fax, Lexis/Nexis and other equipment to facilitate his job search, pursue training opportunities, and to perform his job duties as are assigned to him by his supervisor in CCRD. Plaintiff shall not abuse his use of these agency resources and agrees to use these resources only in compliance with PBGC directives and policies.

l) If Plaintiff goes on leave without pay as described in Section 2(f) of this Stipulation, Plaintiff may have access to PBGC electronic mail and voicemail to assist him in his job search. Plaintiff shall not abuse his use of these agency resources and agrees to use these resources only in compliance with PBGC directives and policies.

m) Plaintiff shall abide by any and all PBGC directives and/or policies, including but not limited to the policy against harassment in the workplace and improper use of electronic mail, although no inference is intended by this provision that Plaintiff has ever engaged in such harassment and Plaintiff expressly denies having done so.

Case 1:06-cv-01371-CKK    Document 10-2    Filed 02/20/2007    Page 7 of 11
Case 1:03-cv-02495-CKK-AK    Document 30    Filed 11/08/2005    Page 6 of 10
Case 1:04-cv-01996-CKK-AK    Document 19-1    Filed 11/08/2005    Page 6 of 9

n) PBGC shall provide Plaintiff with a mutually acceptable letter of recommendation, such as the one attached hereto as Exhibit 1, for use with potential employers, and a designated contact person (and a mutually agreeable script similar to Exhibit 1) in CCRD to receive reference inquiries for one year after his resignation.

o) If Plaintiff should require unemployment compensation at the expiration of the 12-Month Period, and if eligible, PBGC shall not oppose his request.

p) PBGC shall pay Plaintiff's reasonable attorney's fees and costs, as defined by Title VII fees provision(42 U.S.C. § 2000e-5(k)), not to exceed $80,000.00. Plaintiff's counsel shall provide Defendants with an accounting of his attorney's fees and costs.

q) Plaintiff shall not seek or attempt employment with PBGC for a period beginning on the date of signing this Stipulation and extending for five (5) years from the effective date of his resignation.

r) By signing this Stipulation, Plaintiff withdraws any and all applications for employment or promotions within PBGC, and Plaintiff shall not accept any offers of employment or promotion within PBGC for a period beginning on the date of signing this Stipulation and extending for five (5) years from the effective date of his resignation.

s) Defendants shall issue Plaintiff a FY2005 "fully successful" performance appraisal upon the execution of this Stipulation.

3. Plaintiff acknowledges his duty to adhere to any applicable tax filing requirements and other obligations with regard to the proper payment of taxes.

4. This Stipulation of Settlement and Dismissal shall not constitute an admission of liability or fault on the part of Defendants or PBGC's past or present agents, employees, representatives or officers, and Defendants expressly deny any and all liability and/or fault. The

Case 1:06-cv-01371-CKK   Document 10-2   Filed 02/20/2007   Page 8 of 11
Case 1:03-cv-02495-CKK-AK   Document 30   Filed 11/08/2005   Page 7 of 10
Case 1:04-cv-01996-CKK-AK   Document 19-1   Filed 11/08/2005   Page 7 of 9

Parties enter into this stipulation solely for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

5. Plaintiff acknowledges that he has read this entire agreement and that he understands all of its terms and conditions. Plaintiff acknowledges that his attorney has reviewed and explained the provisions of this agreement to him and that Defendants have provided sufficient time for this purpose.

6. Pursuant to 29 U.S.C. § 626(f), the Plaintiff understands that by executing this Agreement, he is relinquishing any rights or claims which arose or could have arisen under 29 U.S.C. § 633a (the Age Discrimination in Employment Act) prior to the effective date of this ADEA waiver. Plaintiff does not waive rights or claims which may arise after this waiver is executed; he understands and agrees that he is waiving these rights and claims only in exchange for consideration in addition to anything of value which he is already entitled; he agrees that he is hereby being advised by the Agency in writing to consult with an attorney prior to executing this Agreement; and he agrees that he has been provided a reasonable period of time of not less than three (3) calendar days in which to consider this Agreement prior to executing it. Plaintiff represents that he has read this Agreement and that he enters into this Agreement knowingly and voluntarily, with full understanding of its terms and conditions.

7. Plaintiff acknowledges that he has entered into this Stipulation of Settlement and Dismissal knowingly and voluntarily and with the advice of counsel. Further, Plaintiff acknowledges that no one has imposed any undue hardship, duress or coercion in connection with the execution of this document.

8. The Parties agree that the terms expressly recited herein represent the entire compromise settlement and that, except for the sums set forth in Paragraph 2 above, the

Case 1:06-cv-01371-CKK    Document 10-2    Filed 02/20/2007    Page 9 of 11
Case 1:03-cv-02495-CKK-AK    Document 30    Filed 11/08/2005    Page 8 of 10
Case 1:04-cv-01996-CKK-AK    Document 19-1    Filed 11/08/2005    Page 8 of 9

respective parties shall each bear their own costs, fees, expenses, and attorneys' fees. There are no terms or conditions to this agreement except those expressly stated herein. This agreement may not be altered, modified, withdrawn, waived, rescinded or supplemented except by a written instrument executed by duly authorized representatives of both Parties.

WHEREFORE, these actions are hereby dismissed, subject only to the Court retaining jurisdiction as necessary to enforce the terms of this Stipulation of Settlement and Dismissal.

_____
David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
Tel. 202-842-0300

Attorney for Plaintiff

_____
Robert Tyrone Perry
1354 Monaco Drive
Severn, Maryland 21144
Tel. 410-294-8969

Plaintiff

Respectfully submitted,

_____
Kenneth L. Wainstein
D.C. Bar No. 451058
United States Attorney

_____
R. Craig Lawrence
D.C. Bar No. 171538
Assistant United States Attorney

_____
Benton Peterson
Assistant United States Attorney
WI Bar No. 1029849

_____
W. Mark Nebeker
Assistant United States Attorney
D.C. Bar No. 396739
555 4th Street, N.W.
Civil Division
Washington, DC 20530
Tel. 202-514-7230/202-307-0258
Attorneys for Defendants

Case 1:06-cv-01371-CKK    Document 10-2    Filed 02/20/2007    Page 10 of 11
Case 1:03-cv-02495-CKK-AK    Document 30    Filed 11/08/2005    Page 9 of 10
Case 1:04-cv-01996-CKK-AK    Document 19-1    Filed 11/08/2005    Page 9 of 9

Co-Counsel:

PHILIP R. HERTZ
Deputy General Counsel
JAY A. RESNICK
Assistant General Counsel
ROBIN S. HORNING
MARGARET DRAKE
Attorneys
PENSION BENEFIT GUARANTY
CORPORATION
1200 K. Street, N.W.
Washington, D.C. 20005-4026
(202) 326-4020

It is so ORDERED by the Court this 8th day of
November, 2005.

_____
UNITED STATES DISTRICT JUDGE

Case 1:06-cv-01371-CKK   Document 10-2   Filed 02/20/2007   Page 11 of 11
Case 1:03-cv-02495-CKK-AK   Document 30   Filed 11/08/2005   Page 10 of 10
Case 1:04-cv-01996-CKK-AK   Document 19-2   Filed 11/08/2005   Page 1 of 1

# DRAFT STATEMENT OF RECOMMENDATION
# FOR ROBERT PERRY

**To Whom it May Concern:**

As Robert Perry's supervisor, I have been asked to recommend Mr. Perry for a leadership position within the auditing field or other positions that would require analysis of financial or program information. I understand that Mr. Perry is seeking to broaden his career experiences after working more than 10 years with PBGC, and wish him well as he pursues other professional opportunities.

Having started at PBGC in 1993, Mr. Perry has gained a significant amount of experience performing a variety of compliance audits. For example, using PBGC regulations and ERISA as criteria, he has determined whether pension plans seeking standard terminations were paying participants the amount they were due under the plan. In working for my department, he has performed contract evaluations to determine whether amounts proposed or billed by contractors performing services for PBGC were supported and in compliance with the Federal Acquisition Regulation. With a degree in accounting, Mr. Perry was initially hired as a GS-9 auditor, and has progressed to the full-performance level as a GS-13 auditor. In working at PBGC, he has been recognized as an important contributor to the agency's mission and for readily sharing his knowledge and skills with both peers and more junior employees.

Mr. Perry has shown a continued interest in professional development having completed a variety of courses during his time at PBGC. Recent courses that he has identified and completed are entitled _____ offered by Business Management Research Associates. Such development efforts have allowed Mr. Perry to improve and update his skills to meet the dynamic demands of the changing auditing and federal government procurement professions.

Based on his accounting degree, his years of audit experience, and accomplishments at PBGC, I wholeheartedly believe that Mr. Perry would add value to your organization and do not hesitate in recommending that he receive the utmost consideration for professional opportunities in the auditing field (or another position that requires the analysis of financial or program information).