# ATTACHMENT C



EXHIBIT
tabbies perry v Snorobauger
CA 06-1371

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT T. PERRY,           )
                                 )
       Plaintiff         )
                                 )
       v.              )    Case No. 06-CV-01371-CKK
                                 )
VINCENT K. SNOWBARGER,   )
Interim Director               )
Pension Benefit Guaranty Corporation,  )
                                 )
       Defendant.       )
                                 )

## AFFIDAVIT OF RIXENE HICKS

I, Rixene Hicks, declare as follows:

1.     I am over eighteen years of age, have personal knowledge of the facts stated in this Affidavit, and am competent to testify to the matters stated herein.

2.     I am currently employed as an Administrative Specialist with the Equal Employment Opportunity ("EEO") Office of the Pension Benefit Guaranty Corporation ("PBGC" or "Agency"). I have held this position, or its equivalent, with the Agency since May 2006, and have been employed by the PBGC since 2000. I also serve as an EEO Counselor. As an EEO Counselor, my responsibilities include meeting with the complainant to give him or her information on how the EEO process works, obtaining information about the complainant's allegations of discrimination/retaliation, and attempting to resolve the matter informally.

3.     On September 28, 2005, Robert Perry contacted PBGC's EEO Office for EEO counseling regarding a new EEO complaint he was raising. *See* Exhibit 1. I was assigned as his EEO counselor.

4.     On October 20, 2005, I received an e-mail message from Robert Perry at 8:55AM, confirming an appointment between 12-3 PM to meet regarding his complaint. *See* Exhibit 2. While we were not able to meet that day, I received an e-mail message from Robert Perry on October 21, 2005, at 9:55AM, wherein he provided documents he believed necessary for his counseling session. *See* Exhibit 3. The e-mail message also stated that Mr. Perry's complaint "consists of PBGC's willingness to permit management

and employees to commit retaliatory acts against me without taking appropriate actions to curtail or stop my workplace harassment and threats of workplace violence." *Id.* His message also said he would provide additional information as needed.

5. On October 28, 2005, there were a series of e-mail messages among Robert Perry, Lori Bledsoe, EEO Manager, David Williams, EEO Specialist, Dwayne Jeffers, Mr. Perry's designated EEO representative, and me regarding an extension of the counseling period since we had been unable to meet. *See* Exhibit 4. In the first message I sent to Mr. Perry at 10:59AM, I requested a 60-day extension of the EEO counseling period. At 11:09 AM, Mr. Perry responded to my e-mail, stating that he would not extend counseling for another 30 days. At 11:19AM, I received an e-mail message from Lori Bledsoe asking Mr. Perry to clarify his response. At 11:25AM, I received a message from Mr. Perry stating he would agree to extend counseling for another 7 days to November 4, 2005. *Id.*

6. On November 3, 2005, I met with Mr. Perry in PBGC's EEO Office. As noted in the EEO Counselor's Report, he stated that PBGC was retaliating against him when it "did not take immediate action to provide him with a safe work environment when he complained to management about threatening flyers circulated throughout the agency." *See* Exhibit 5. Mr. Perry also stated that he believed that the agency had discriminated against him when it "did not take corrective action swiftly to provide a safe work environment" and that he was "still receiving hate flyers and comments about his safety." *Id.* During this visit, Mr. Perry also signed the EEO Counselor's Checklist: Notice of EEO Rights and Responsibilities, the Notice of Your Right to Continue EEO Counseling, and the Designation of Representative form.

7. On November 4, 2005, at 2:18 PM, I contacted Mr. Perry via e-mail to inform him that I was unable to meet with the responsible management officials he had identified during EEO counseling until Monday, November 7, 2005. I asked him whether he wanted to extend his EEO counseling further, or if I should issue a Notice of Right to File. *See* Exhibit 6.

8. At 4:05 PM on November 4, 2005, I received an e-mail from Mr. Perry informing me that he was withdrawing his EEO complaint against the PBGC that he raised with PBGC's EEO Office on September 28, 2005, discussed in his October 21, 2005 9:55AM e-mail message, and that I had interviewed him about on November 3, 2005. *Id.*

9. On September 28, 2005, Dwayne Jeffers, a black male, also contacted PBGC's EEO Office for EEO counseling regarding a new EEO complaint that was similar in nature to the one brought by Mr. Perry. I was assigned as Mr. Jeffers' EEO counselor. I met with Mr. Jeffers and his representative, Mr. Perry, several times. On December 22, 2005, at 4:22 PM, I e-mailed Mr. Jeffers a settlement offer to resolve his complaint and copied Mr. Perry, Ms. Bledsoe, and Mr. Williams. The offer proposed that Mr. Jeffers work from the PBGC's Kingstowne, Virginia office until January 20, 2006, or until the investigation was complete, whichever was sooner. *See* Exhibit 7. Mr. Jeffers did not

accept the December 22nd offer, and I issued a Notice of Right to File a Formal Complaint on December 30, 2005 at 2:18 PM via electronic mail. *See* Exhibit 8.

10. No offer to work from PBGC's Kingstowne, Virginia office was made to Mr. Perry because he withdrew his EEO complaint in his November 4, 2005 at 4:05 PM. *See* Exhibit 6.


I hereby declare under penalty of perjury under the laws of the United States of America that the above statement is true and complete to the best of my knowledge and belief.

_____
Rixene Hicks

_____
Date  1/24/07

Subscribed and sworn to before me this 24th day of January , 2007.

_____
Notary Public

My commission expires _____.

**Lynn M. Artabane
Notary Public, District of Columbia
My Commission Expires 7/31/2011**

# HICKS
# EXHIBIT
# 1

**Hicks Rixene**

| | |
|---|---|
| **From:** | Perry Robert |
| **Sent:** | Friday, October 28, 2005 11:09 AM |
| **To:** | Hicks Rixene |
| **Cc:** | Bledsoe Lori; Williams David; Jeffers Dwayne |
| **Subject:** | RE: Right to Continue Counseling |

Rixene, I will not extend counseling for another **30 days**.

**Robert T. Perry**

**Auditor**

**IPD/STCD/CAB**

**(202) 326–4000, Ext. 3495**

————Original Message————

| | |
|---|---|
| **From:** | Hicks Rixene |
| **Sent:** | Friday, October 28, 2005 10:59 AM |
| **To:** | Perry Robert; Jeffers Dwayne |
| **Cc:** | Bledsoe Lori; Williams David |
| **Subject:** | Right to Continue Counseling |

You contacted the EEO Office on September 28, 2005 for EEO counseling.  In accordance with EEOC Regulations (Requests for counseling extension up to 60 days), I request an extensions of up to 60 days to adequately conduct EEO counseling.  If granted this extension, please contact me no later than close of business today on x4778.

HICKS
EXHIBIT
2

**Hicks Rixene**

| | |
|---|---|
| **From:** | Perry Robert |
| **Sent:** | Thursday, October 20, 2005 8:55 AM |
| **To:** | Hicks Rixene |
| **Cc:** | Perry Robert; Jeffers Dwayne; Bledsoe Lori; Williams David |
| **Subject:** | EEO Complaint |

Rixene, this is to confirm that we have scheduled an appointment to meet today between 12-3 if you are available.  If you are not able to meet today, please let me know so that we can arrange another date and time.

Thanks, Robert.

**Robert T. Perry**

**EEO Complainant**

**(202) 326-4000, Ext. 3495**

HICKS
EXHIBIT
3



| | | | | | | |
|---|---|---|---|---|---|---|
| RE: | RE: Flexiplace: Robert T. Per... | PBGC Workplace Violence | RE: PBGC Workplace Violence | STCD staff meeting | FW: Possible Physical Harm fro... | FW: Flexiplace: Robert T. Per.., |
| RE: Meeting with Investigators... | Harassment Complaint | RE: Receiving Junk/ Spam e-mail... | Disclaimer | RE: Possible Physical Harm fro... | FW: | RE: Possible Physical Harm fro.., |
| RE: Possible Physical Harm fro... | sclaimer Of Rhonda | FW: Possible Physical Harm fro... | INAPPROPRIATE ISE OF PBGC RESO.. | Infraction and Possible Instit... | RE: Date of Return To Work / W... | INAPPROPRIATE ISE OF PBGC RESO.. |
| Status of Union Officers | RE: Flexiplace: Robert T. Per... | RE: Possible Physical Harm fro... | Request for mmediate Interven.. | Workplace Disruption | FW: Status Report | FW: resentation For Stu |
| PBGC Workplace Violence | Lattimer's Response | FW: PBGC Workplace Violence | A Building Safety Reminder | RE: Meeting with Investigators... | RE: Meeting with Investigators... | RE: Meeting with Investigators... |
| Thank You | RE: Harassment Investigation | Date of Return To Work / Work ... | Fwd: Flexiplace: Robert T. Pe... | | | |
| RE: Draft Decision Notice – S... | RE: 2nd Batch of Disciplinary ... | RE: Group 2 - Misuse of Comput... | Misuse of Computer privileges | RE: Recommending Official for ... | FW: 2nd Batch of Disciplinary ... | RE: 2nd Batch of Disciplinary ... |
| RE: 2nd Batch of Disciplinary ... | RE: 2nd Batch of Disciplinary ... | Improper use of Computer privi... | RE: Improper of Computer Cases... | Improper Use of E-mail | RE: Discipline | Summary Discipline |

**Hopefully we will meet today.  I will provide additional information as needed.**

**Thanks, Robert.**

**Robert T. Perry**
**EEO Complainant/Federal Employee**
**(202) 326-4000, Ext. 3495**

**Hicks Rixene**

| | |
|---|---|
| **From:** | Perry Robert |
| **Sent:** | Friday, October 21, 2005 9:56 AM |
| **To:** | Hicks Rixene |
| **Cc:** | Bledsoe Lori; Williams David; Jeffers Dwayne; Perry Robert |
| **Subject:** | ROBERT PERRY EEO COMPLAINT: 2/2 - RIXENE HICKS |
| **Attachments:** | RE: Harassment Investigation; RE: Harassment Investigation; Request for EEO Counseling; Amendment to Pending Informal EEO Complaint; Investigations Related to June 16, 2005 Memorandum Violations; RE: Membership Meeting; RE: Membership Meeting; RE: Membership Meeting; RE: Membership Meeting; Stay of Permission for Local R3-77 to Use Decisions from the Rhonda Baird Arbitration; RE: Membership Meeting; Stuart Bernsen Sighting / Possible Suspicious Activity; Electronic Communication Policy and E-mail Reminder; Flyer with Quoting Robert Perry; Rhonda Baird's Suppression of Evidence With Intent to Mislead Employees; Purported Misuse of Evidence from FMCS Case No. 03-08992 Arbitration; RE: Possible Physical Harm from False and Misleading Content of Flyers; RE: Misuse of Evidence from my Arbitration; RE: Purported Disclaimer Of Rhonda Baird About The Recent Flyers; Misuse of Evidence from my Arbitration; RE: Possible Physical Harm from False and Misleading Content of Flyers; RE: Purported Disclaimer Of Rhonda Baird About The Recent Flyers; RE: Purported Disclaimer Of Rhonda Baird About The Recent Flyers; RE: Purported Disclaimer Of Rhonda Baird About The Recent Flyers; RE: Purported Disclaimer Of Rhonda Baird About The Recent Flyers; Possible Physical Harm from False and Misleading Content of Flyers; RE: Purported Disclaimer Of Rhonda Baird About The Recent Flyers; My Grievance; RE: [****] responses to interrogatories; Preserving Evidentiary Material ; Use of PBGC computers and email; EEO Policy Statement -- Important; Receiving Junk/Spam e-mail; RE: Workplace Harassment; RE: DOL Investigation; Expulsion of Stuart from NAGE for Charitable Work; FW: HRD Decision on Harassment; RE: HRD Decision on Harassment Complaint; Hold E-mails for R. Perry; FW: Harassment Investigation; RE: Harassment Investigation; RE: Harassment Investigation; RE: Your Complaint  dated January 13, 2004; Failure to Cooperate with Investigator Letter ; PBGC Policy Concerning Sexual Harassment ; Executive Committee -- Question on Unfair Labor Practice; Harassment Investigation; RE: Membership Meeting; RE: Membership Meeting; RE: Membership Meeting; Re: Open Questions Regarding Sexual Harassment Complaint of Elizabeth Baker; Informal Counseling; RE: Possible Physical Harm from False and Misleading Content of Flyers; FW: YOUR RESPONSE TO YOUR QUARTERLY; YOUR RESPONSE TO YOUR QUARTERLY; E-mail Responses to Interrogation (Ref: Valda Johnson); Request for Hearing; FW: TRAINING; HRD Decision on Harassment Complaint; Re: Request File of Sexual Harassment Complaint Against Elizabeth Baker; Request File of Sexual Harassment Complaint Against Elizabeth Baker; Summary of Meeting with Bennie Hagans (06/30/04); PRIVACY ACT REQUEST; RE: HRD Decision on Harassment; HRD Decision on Harassment; FW: ED Update; RE: HRD Decision on Harassment Complaint; FW: HRD Decision on Harassment Complaint; EEO Summary for EEO Counselor; RE: HRD Decision on Harassment Complaint; RE: Harassment Investigation; Harassment Investigation; Open EEO issues Regarding Robert T. Perry; Request for EEO Counseling:  Retaliation and Hostile Work Environment; Update; RE: Issue you have raised about the CBA |

**Rixene, I am providing documents that will be needed for my interview with you.  The attached documents will provide you an understanding of my issues of workplace harassment at the hands of PBGC senior officials.  My complaint consist of PBGC's willingness to permit management officials and employees to commit retaliatory acts against me without taking appropriate actions to curtail or stop my workplace harassment and threats of workplace violence.  Rixene, I must caution you that some of the e-mails will contain graphic material of pornography and should be viewed with caution.  PBGC is aware of the perpetrators of my harassment and has conducted investigations on several of the individuals. However, the PBGC has yet to enact any disciplinary determination.  As a result of PBGC inaction, I am still receiving harassing workplace actions.  My complaint is against B. Belt, V. Snowbarger, M.**

**Hicks Rixene**

| | |
|---|---|
| **From:** | Perry Robert |
| **Sent:** | Friday, October 21, 2005 9:55 AM |
| **To:** | Hicks Rixene |
| **Cc:** | Bledsoe Lori; Williams David; Jeffers Dwayne; Perry Robert |
| **Subject:** | ROBERT PERRY EEO COMPLAINT: 1/2 - RIXENE HICKS |

**Attachments:**        Harassment Complaint; EEO Summary for EEO Counselor; RE: ; RE:  Workplace
Harassment; New Local Officers; FW: Stacy Wilson (formerly Stacy Williams); RE: Possible
Physical Harm from False and Misleading Content of Flyers; RE: ; RE: Flexiplace:  Robert T.
Perry; PBGC Workplace Violence; RE: PBGC Workplace Violence; STCD staff meeting; FW:
Possible Physical Harm from False and Misleading Content of Flyers; FW: Flexiplace:  Robert
T. Perry; RE: Meeting with Investigators; Harassment Complaint; RE: Receiving Junk/Spam e-
mail; Disclaimer; RE: Possible Physical Harm from False and Misleading Content of Flyers;
FW: ; RE: Possible Physical Harm from False and Misleading Content of Flyers; RE: Possible
Physical Harm from False and Misleading Content of Flyers; Purported Disclaimer Of Rhonda
Baird About The Recent Flyers; FW: Possible Physical Harm from False and Misleading
Content of Flyers; INAPPROPRIATE USE OF PBGC RESOURCES; Infraction and Possible
Institutional Grievance; RE: Date of Return To Work / Work at Home; INAPPROPRIATE USE
OF PBGC RESOURCES : June 22, 2005 NAGE Local R3-77 Special Membership Meeting for
Rhonda Baird on PBGC Premises; Status of Union Officers; RE: Flexiplace:  Robert T. Perry;
RE: Possible Physical Harm from False and Misleading Content of Flyers; Request for
Immediate Intervention for Possible Physical Harm from False and Misleading Content of
Flyers; Workplace Disruption; FW: Status Report; FW: Representation For Stuart; PBGC
Workplace Violence; Lattimer's Response; FW: PBGC Workplace Violence; A Building Safety
Reminder; RE: Meeting with Investigators; RE: Meeting with Investigators; RE: Meeting with
Investigators; Thank You; RE: Harassment Investigation; Date of Return To Work / Work at
Home; Fwd: Flexiplace:  Robert T. Perry; RE: Draft Decision Notice – Stacy Williams; RE: 2nd
Batch of Disciplinary Cases; RE: Group 2 - Misuse of Computer Cases; Misuse of Computer
privileges; RE: Recommending Official for appeals of discipline ; FW: 2nd Batch of
Disciplinary Cases; RE: 2nd Batch of Disciplinary Cases; RE: 2nd Batch of Disciplinary Cases;
RE: 2nd Batch of Disciplinary Cases; Improper use of Computer privileges; RE: Improper of
Computer Cases; Improper Use of E-mail; RE: Discipline; Summary Discipline

**Rixene, I am providing documents that will be needed for my interview with you.  The attached
documents will provide you an understanding of my issues of workplace harassment at the
hands of PBGC senior officials.  My complaint consist of PBGC's willingness to permit
management officials and employees to commit retaliatory acts against me without taking
appropriate actions to curtail or stop my workplace harassment and threats of workplace
violence.  Rixene, I must caution you that some of the e-mails will contain graphic material of
pornography and should be viewed with caution.  PBGC is aware of the perpetrators of my
harassment and has conducted investigations on several of the individuals. However, the
PBGC has yet to enact any disciplinary determination.  As a result of PBGC inaction, I am still
receiving harassing workplace actions.  My complaint is against B. Belt, V. Snowbarger, M.
Pilipovich, R, Lattimer, R. Silva, J. Grant, J. Seal, B. Hagans, J. Nappier, and B. Palli.  I believe
that these individuals have permitted and or assisted in workplace harassment and workplace
threats of violence against me.**

      

Harassment     EEO Summary for     RE:     RE:  Workplace     New Local Officers  FW: Stacy Wilson     RE: Possible
Complaint      EEO Counselor              Harassment                          (formerly Sta...    Physical Harm fro...

**Pilipovich, R, Lattimer, R. Silva, J. Grant, J. Seal, B. Hagans, J. Nappier, and B. Palli. I believe that these individuals have permitted and or assisted in workplace harassment and workplace threats of violence against me.**

| | | | | | | |
|---|---|---|---|---|---|---|
| RE: Harassment Investigation | RE: Harassment Investigation | Request for EEO Counseling | Amendment to Pending Informal ... | Investigations Related to June... | RE: Membership Meeting | RE: Membership Meeting |
| RE: Membership Meeting | RE: Membership Meeting | Stay of Permission for Local R... | RE: Membership Meeting | Stuart Bernsen Sighting / Poss... | Electronic ommunication Polic. | Flyer with Quoting Robert Perr... |
| Rhonda Baird's Suppression of ... | Purported Misuse of Evidence f... | RE: Possible Physical Harm fro... | RE: Misuse of Evidence from my... | RE: Purported Disclaimer Of Rh... | Misuse of Evidence from my Arb... | RE: Possible Physical Harm fro... |
| RE: Purported Disclaimer Of Rh... | RE: Purported Disclaimer Of Rh... | RE: Purported Disclaimer Of Rh... | RE: Purported Disclaimer Of Rh... | Possible Physical Harm from Fa... | RE: Purported Disclaimer Of Rh... | My Grievance |
| RE: [****] esponses to interr... | Preserving Evidentiary Materia... | Use of PBGC omputers and emai. | EEO Policy tatement -- Import. | Receiving Junk/ Spam e-mail | RE: Workplace Harassment | RE: DOL Investigation |
| Expulsion of Stuart from NAGE ... | FW: HRD Decision on Harassment... | RE: HRD Decision on Harassment... | Hold E-mails for R. Perry | FW: Harassment Investigation | RE: Harassment Investigation | RE: Harassment Investigation |
| RE: Your Complaint dated Janu... | Failure to ooperate with Inve. | PBGC Policy oncerning Sexual ... | Executive ommittee -- Questio | Harassment Investigation | RE: Membership Meeting | RE: Membership Meeting |
| RE: Membership Meeting | Re: Open uestions Regarding S | Informal Counseling | RE: Possible Physical Harm fro... | FW: YOUR ONSE TO YOUR QUO | YOUR RESPONSE YOUR QUARTERL. | E-mail Responses to Interrogat... |
| Request for Hearing | FW: TRAINING | HRD Decision on Harassment Com... | Re: Request File of Sexual Har... | Request File of Sexual Harassm... | Summary of leeting with Bennie. | PRIVACY ACT REQUEST |
| RE: HRD Decision on Harassment... | HRD Decision on Harassment | FW: ED Update | RE: HRD Decision on Harassment... | FW: HRD Decision on Harassment... | EEO Summary for EEO Counselor | RE: HRD Decision on Harassment... |

| RE: Harassment Investigation | Harassment Investigation | Open EEO issues Regarding Robe... | Request for EEO Counseling: R... | Update | RE: Issue you have raised abou... |

**Hopefully we will meet today.  I will provide additional information as needed.**

**Thanks, Robert.**

**Robert T. Perry**
**EEO Complainant/Federal Employee**
**(202) 326-4000, Ext. 3495**

HICKS
EXHIBIT
4

**Hicks Rixene**
**From:**       Perry Robert
**Sent:**       Friday, October 28, 2005 11:25 AM
**To:**         Bledsoe Lori
**Cc:**         Hicks Rixene; Williams David; Jeffers Dwayne; Perry Robert
**Subject:**    FW: Right to Continue Counseling

**Lori, the extension requested by Ms. Rixene was for an additional 30 days
as I highlighted. I am not willing to go that far in the calendar for an
extension. I am open to 7 days if this is acceptable for you. Please let me
know. Thanks, Robert.**

**Robert T. Perry**

**Auditor**

**IPD/STCD/CAB**

**(202) 326–4000, Ext. 3495**

-----Original Message-----
**From:**       Bledsoe Lori
**Sent:**       Friday, October 28, 2005 11:19 AM
**To:**         Perry Robert; Hicks Rixene
**Cc:**         Williams David; Jeffers Dwayne
**Subject:**    RE: Right to Continue Counseling

Can you clarify, you will or will not extend? Thanks

-----Original Message-----
**From:**       Perry Robert
**Sent:**       Friday, October 28, 2005 11:09 AM
**To:**         Hicks Rixene
**Cc:**         Bledsoe Lori; Williams David; Jeffers Dwayne
**Subject:**    RE: Right to Continue Counseling

Rixene, I will not extend counseling for another **30 days**.

**Robert T. Perry**

**Auditor**

**IPD/STCD/CAB**

**(202) 326–4000, Ext. 3495**

-----Original Message-----
**From:**       Hicks Rixene
**Sent:**       Friday, October 28, 2005 10:59 AM
**To:**         Perry Robert; Jeffers Dwayne
**Cc:**         Bledsoe Lori; Williams David
**Subject:**    Right to Continue Counseling

You contacted the EEO Office on September 28, 2005 for EEO counseling.   In
accordance with EEOC Regulations (Requests for counseling extension up to 60 days), I
request an extensions of up to 60 days to adequately conduct EEO counseling.  If

granted this extension, please contact me no later than close of business today on x4778.

HICKS
EXHIBIT
5

## PENSION BENEFIT GUARANTY CORPORATION
## EEO Counselor's Report

**A)    AGGRIEVED PERSON**

**Name:  Robert Perry**

**Job Title/Series/Grade:** Actuary/GS-13

**Place of Employment:** IPD/STCD/CAB

**Work Phone No: (202) 326-4100 ext. 3495    Home Phone No: (410) 294-8965**

**Home Address: 1354 Monaco Drive Severn, Md. 211144**

**B)    CHRONOLOGY OF EEO COUNSELING**

**Date of Initial Contact:  09/28/05**

**Right to Continue Counseling initiated: 10/28/05**

**Date of Initial Interview: 11/3/05**

**Date of Alleged Discriminatory Event: September 13, 2005, and continuing.**

**45th Day After Event:**

**Reason for delayed contact beyond 45 days, if applicable:      N/A**

**Date Counseling Report Requested: November 4, 2005**

**Date Counseling Report Submitted: November 25, 2005**

**C)    BASIS(ES) FOR ALLEGED DISCRIMINATION**

1)  [ x ]  Race (Specify) Black

2)  [ ]  Color (Specify)

3)  [ ]  National Origin (Specify)

4)  [x]  Sex (Specify) Male

5) [ ] **Age (Date of Birth)**

6) [ ] **Mental Disability (Specify)**

7) [ ] **Physical Disability (Specify)**

8) [ ] **Religion (Specify)**

9) [ X ] **Retaliation (Identify earlier event and/or opposed practice, give date):** Because of prior EEO participation, the aggrieved states he is being retaliated against when the agency did not take immediate action to provide him a safe work environment when he complained to management about threatening flyers circulated throughout the agency.

D) **ALLEGATIONS OF DISCRIMINATION**

The agency did not take corrective action swiftly to provide a safe work environment. Still receiving hate flyers and comments about his safety.

E) **REMEDY REQUESTED**
All that is appropriate by the law.

F) **EEO COUNSELOR'S CHECKLIST - THE COUNSELOR ADVISED THE AGGRIEVED PERSON IN WRITING OF THE RIGHTS AND RESPONSIBILITIES CONTAINED IN THE EEO COUNSELOR CHECKLIST.** (Attachment)

G) **SUMMARY OF COUNSELOR'S INQUIRY**

On October 28, 2005, I requested an extension up to 60 days in which to further seek resolution for Mr. Perry's complaint. Mr. Perry, in a subsequent email dated, October 28, 2005, advised me that he will not extend counseling for another 30 days. On the same date, Lori Bledsoe, EEO Manager, emailed Mr. Perry asking for clarification of his earlier email response that he will not extend counseling for another 30 days. Mr. Perry responded the same date and advised the EEO office that he is not willing to go that far in the calendar for an extension but that he is open to 7 days if acceptable. On November 4, 2005, Mr. Perry advised me by email that he wished to "terminate" his EEO complaint with PBGC.

H) **SUMMARY OF INFORMAL RESOLUTION ATTEMPT**
Counselor was unable to resolve this complaint. The aggrieved terminated his informal EEO complaint on November 4, 2005.

## I) SUMMARY OF INFORMATION GIVEN TO AGGRIEVED PERSON/AGENCY BY COUNSELOR

Rights and Responsibilities
Counseling Extension
Designation of Representative

Rixene Hicks

**Name of EEO Counselor**

*Rixene Hicks*

**Counselor's Signature**

(202)    326-4080    x4778

**Telephone Number**

Date 11/25/05

EEO Counseling Form 4 (7/24/96)

**Pension Benefit Guaranty Corporation**

## <u>EEO COUNSELOR'S CHECKLIST: NOTICE OF EEO RIGHTS AND RESPONSIBILITIES</u>

**In regard to the matter that you brought to my attention as EEO Counselor**, you have the following rights and responsibilities:

1.  **During the informal EEO counseling stage, you have the right to remain anonymous. I will not reveal your name to anyone without your permission. Please indicate your choice by initialing below:**

    _____ **I want to remain anonymous**

    \_\_\_\_\_✓\_\_\_\_ **I do not want to remain anonymous**

2.  You have the right to get an attorney or other representative to help you throughout the complaint process, including the informal counseling stage.

3.  You have the right to receive information about PBGC's alternative dispute resolution (ADR) process and to choose between the ADR process or EEO counseling where PBGC agrees to offer ADR in the particular case.

4.  If you are a member of the bargaining unit, you may choose to pursue your concern using either the negotiated grievance procedure or the EEO formal complaint procedure, but not both.

5.  If your concern is one that can be filed with the Equal Employment Opportunity Commission (EEOC) and the Merit Systems Protection Board (MSPB), it is called a "mixed case." **You may raise mixed case claims either as a direct appeal to the MSPB, or as a mixed case formal EEO complaint with the agency, but not both. Whichever action you file first is considered an election to proceed in that forum.**

    You have 30 calendar days from the date of the alleged discriminatory act to file a mixed case appeal with the MSBP, or 15 calendar days from the date of an EEO counselor's Notice of Your Final Interview to file a formal mixed case EEO complaint.

6.  If you wish to file a formal EEO complaint at the end of the EEO counseling stage, you must file the formal complaint within 15 calendar days of receipt of the counselor's Notice of Your Right to File a Formal Complaint.

7.  **If you believe you have been discriminated against because of your age, you have the right (instead of filing a formal complaint with the agency) to file a civil action in a Federal District Court within 180 days of the alleged discriminatory act. However, you must first notify the EEOC (1801 L Street, NW, Washington, DC, 20507) of your intent, within 30 days in advance of this filing.**

8.  If you are alleging sex-based wage discrimination (being paid less than a person of the opposite sex, even though you are doing equal work), you may file a formal EEO complaint and/or a lawsuit in Federal District Court under the Equal Pay Act. In addition to other remedies available through the EEO complaint process liquidated damages may be available if the agency willfully violated this law.

9.  You have the right to an immediate final decision by the agency after an investigation is conducted in accordance with 29 CFR 1614.108(f) or

10. You have the right to request a hearing before an EEOC Administrative Judge in a non-mixed case after the investigation is completed or after 180 days, whichever comes first

11. Except for age discrimination complaints, you have the right to go to U. S. district court 180 calendar days after filing a formal complaint or 180 days after filing an appeal.

12. If there is an award of back pay, any interim earnings or amounts which were or could have been earned by you may be deducted from the award. This is called "the duty to mitigate damages."

13. You must keep the agency and EEOC informed of your current mailing address and must serve copies of any appeal papers on the agency.

14. You have the right, within 30 calendar days of the first counseling contact (unless the time period is extended by your prior written consent), to receive a written notice ending counseling and informing you:    1) that you may file a formal complaint within 15 calendar days of receipt of the notice, 2) how to file a formal complaint, and 3) that you have the responsibility to immediately inform the agency if you get an attorney or other representative.

    Any extension of time for counseling may not exceed an additional 60 calendar days. Where notice is not provided and no extension is secured, you have the right to file a formal complaint after the 30th calendar day. (Exception: If you agree to participate in an established alternative dispute resolution program, the written notice terminating the counseling period will be issued upon completion of the dispute resolution process or within 90 days of the first contact whichever is earlier.)

15. If you file a formal EEO complaint, you can only include the issues raised with the EEO counselor or those issues that are like or related to those that were raised during the informal EEO counseling stage.

16. The EEO Counselor will review with you:

    a.    the time frames in the complaint process,

b.    how to amend a complaint after it has been filed,

c.    the identity and address of the EEOC field office to which a request for a hearing must be sent if you file a formal complaint and request a hearing, and

d.    the name and address of the agency official to whom you must send a copy of the request for a hearing and the fact that you must certify to the EEOC's Administrative Judge that you have provided the agency with a copy of your request for a hearing.

17.    If you want to file a class complaint, the EEO Counselor will review with you the class complaint procedures and the responsibilities of a class agent.

18.    If you receive an offer of resolution from PBGC in accordance with 29 CFR 1614.109(c) and reject it, it may result in the limitation of PBGC's payment of attorney's fees or costs.

19.    **If you have filed two or more complaints, the agency will consolidate them after appropriate notice to you.  When a complaint has been consolidated with one or more earlier complaints, the agency will complete its investigation within 180 days after the filing of the last complaint or 360 days of the filing of the first complaint.  You may request a hearing before an Administrative Judge at any time after 180 days of the filing of the first complaint.**

Signature of EEO Counselor                                    11/3/05
                                                              Date

Robert T. Perry                                               11-3-0 5
Signature of Aggrieved Person                                 Date

Dwayne Jeffers                                                11-03-2005
Signature of Aggrieved Person's Representative                Date

                              EEO Counseling Form 2 (03/00)

Notice of Your Right to Continue EEO Counseling

Date: *11-3-0 5*

TO: *Robert T. Perry*

FROM: **Rixene Hicks**

This is to inform you that 30 calendar days have passed since you first contacted me as EEO Counselor about your concerns of discrimination.

As we discussed, you can choose to either:

1) continue counseling for up to 60 days in an effort to informally resolve this matter, or

2) you can elect to end EEO counseling at this time. If you elect to end counseling, you will be given **Form 175, Notice of Your Right to File a Discrimination Complaint**, with information on how to file a formal complaint if that is what you want to do.

Please choose one of the options listed below, sign and date this Notice, and return it to me within one work day. If this Notice is not returned within one work day, the EEO counseling period will automatically end.

[ ✓ ] I want to continue EEO counseling for up to ~~60~~ *RP 7* days.

[   ] I want to end EEO counseling.

_____    *11-3-0 5*
Signature                        Date

The EEO Counselor has informed the EEO Office of the Request for Extension.

_____    *11/3/05*
Counselor Signature              Date

**PBGC Form 174 (Revised 8/14/98)**

## Designation of Representative

I give permission to the person listed below to represent me throughout the complaint process, including the counseling stage.

Name of Representative: _Dwayne Jeffers_

Address: _1200 K St. NW_

_Wash., D.C. 20005_

Telephone Number: ( _202_ ) _326-4000, ext 3750_

I am aware that it is my responsibility to notify the EEO Office, as soon as possible, if my designation changes.

_____     _11-3-05_
**Complainant**                          **Date**

HICKS
EXHIBIT
6

**Hicks Rixene**

| | |
|---|---|
| **From:** | Perry Robert |
| **Sent:** | Friday, November 04, 2005 4:05 PM |
| **To:** | Hicks Rixene |
| **Cc:** | Jeffers Dwayne; Perry Robert; Bledsoe Lori |
| **Subject:** | RE: Request for extension |

Rixene, I wish to terminate my EEO complaint with PBGC.  Please consult with the EEO office for further information on this matter.

Thanks for your time, Robert.

**Robert T. Perry**

**Auditor**

**IPD/STCD/CAB**

**(202) 326-4000, Ext. 3495**

-----Original Message-----

| | |
|---|---|
| **From:** | Hicks Rixene |
| **Sent:** | Friday, November 04, 2005 2:18 PM |
| **To:** | Perry Robert |
| **Cc:** | Jeffers Dwayne |
| **Subject:** | Request for extension |

As of today, I was able to contact HRD personnel however, I will not be able to meet with parties until Monday.  Mr. Perry you had requested an extension until today, November 4, 2005.  Please inform me would you like to extend your counseling further or if you would like to be issued A Notice of Right to File?

HICKS
EXHIBIT
7

**Perry Robert**

| | |
|---|---|
| From: | Hicks Rixene |
| nt: | Thursday, December 22, 2005 4:22 PM |
| ro: | Jeffers Dwayne |
| Cc: | Perry Robert; Bledsoe Lori; Williams David |
| Subject: | Your request per your e-mail December 20 |
| | |
| Importance: | High |

As you requested in your e-mail December 20, 2005, here is the offer of possible resolution:

Flexi-place in Kingstowne effective the date of the signed agreement until January 20, 2006, or until the investigation is complete, whichever is sooner.  Please respond If you accept or decline, no later than Tuesday, December 27, 2005.  If I do not get a response by December 27. 2005, please be aware that the deadline to end your counseling is December 28, 2005, which I will then have to issue you a notice of right to file.  Thank you for your cooperation.

0604-PERRY-00222

HICKS
EXHIBIT
8

**Perry Robert**

| | |
|---|---|
| From: | Hicks Rixene |
| )nt: | Friday, December 30, 2005 2:18 PM |
| To: | Jeffers Dwayne |
| Cc: | Perry Robert |
| Subject: | Notice of Right to File |

Mr. Jeffers since you did not accept the offer of possible resolution (flexi place at Kingstowne), I am issuing you the Notice of Right to file a formal complaint.  You will receive a hard copy and one is also attached..

 

NOTICE OF RIGHTPBGC COMPLAINT
TO FILE COMPLA..FORM 176.doc (3...

1

0604-PERRY-00234