# ATTACHMENT D



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 1 9 2003
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DWAYNE JEFFERS, )
  14507 Hamphire Hall Court )
  Upper Marlboro, MD 20772 )   CASE NUMBER 1:03CV01762
 )
       Plaintiff, )   JUDGE: Rosemary M. Collyer
 )
   v. )   DECK TYPE: Employment Discrimination
 )
ELAINE L. CHAO, )   DATE STAMP: 08/19/2003
Chairwoman, )
  Pension Benefits Guaranty Corp., )
  1200 K Street, N.W., )
  Washington, DC 20005-4026, )
 )
   and )
 )
STEVEN KANDARIAN, )
Executive Director, )
  Pension Benefits Guaranty Corp., )
  1200 K Street, N.W., )
  Washington, DC 20005-4026, )
 )
       Defendants. )

JURY ACTION

## COMPLAINT

(Employment Discrimination and Retaliation)

### Introduction

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e et seq., and as further amended by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to remedy acts of discrimination in employment

practices by the Pension Benefit Guaranty Corporation against plaintiff because of his race (African American) and/or his sex (male), and in retaliation for his having engaged previously in protected civil rights activity.

### Jurisdiction

2. This Court has subject matter jurisdiction over the claims raised herein pursuant to Title VII of the Civil Rights Act of 1964, as amended, under 42 U.S.C. § 2000e-16(c), plaintiff having exhausted all available administrative remedies on his claims as of the date the instant civil action has been filed.

### Venue

3. Venue is proper in the District of Columbia as the actions that form the basis of the claims contained in this case arose here, the plaintiff's personnel records at the Pension Benefit Guaranty Corporation are maintained here, and plaintiff works for the Pension Benefit Guaranty Corporation in this judicial district.

### Parties

4. Plaintiff is a male citizen of the United States and a resident of the State of Maryland. He is currently employed, and at all times relevant to this complaint was employed, by the Pension Benefit Guaranty Corporation. He is currently a GS-1510-13 Actuary in the Corporation's Insurance Operations Department.

-2-

5. Defendants are Elaine L. Chao and Steven Kandarian, the Chairman and the Executive Director, respectively, of the Pension Benefit Guaranty Corporation (hereinafter "PBGC"). Either one or the other (or both acting together) is the head of the PBGC, which is an agency within the Executive Branch of the Government of the United States that has had more than 500 employees in at least 20 calendar weeks during the past year. In short, as its Chairman and as it Executive Director, either Ms. Chao or Mr. Kandarian, or both together, are responsible for the personnel actions, omissions and practices within PBGC. Each is here sued only in her/his official capacity as head of PBGC.

### Statement of Facts

6. Plaintiff is an African American male. He is currently a GS-1510-13 Actuary with the PBGC's Insurance Operations Department, Trusteeship Division #6. He is a union shop steward and, therefore regularly represented PBGC employees who are members of the National Association of Government Employees (hereinafter "NAGE") Local R377 and who are members of the bargaining unit under the Collective Bargaining Agreement between that union and the PBGC, including in presenting and prosecuting claims of employment discrimination.

7. In May of 1993, plaintiff graduated from Rowan University with a Bachelor of Arts degree in Mathematics; In

August of 1995 plaintiff earned a Masters of Science degree in Actuarial Science from Temple University.

8. Plaintiff has been employed by the PBGC since August 1995, and has been a NAGE Local R377 shop steward since January 2002.

9. Plaintiff filed three administrative EEO complaints on his own behalf all involving claims of race and sex discrimination and retaliation for having engaged in protected EEO activity and all concerning denial of promotions.

10. Plaintiff applied for promotional career advancement opportunities (to the GS-14 level position and/or to a GS-13/14 level position) and was passed over because of his race, and/or his sex, and/or because of his prior EEO activities. These denials of promotions and promotional opportunities are both the subject of his above mentioned administrative EEO claims and have occurred since such claims were lodged.

11. Plaintiff was the most qualified applicant for each of the promotional opportunities for which he applied, and would have been selected but for the PBGC's discrimination and/or retaliation against him.

12. To further punish plaintiff because he filed and pursued race and sex discrimination claims and claims of retaliation against PBGC on his own behalf and/or on behalf of other employees, PBGC has subjected him to a hostile work

-4-

environment and numerous acts of reprisal including but not limited to a recently imposed seven (7) day suspension and a refusal to provide him with an "expedited arbitration" with respect to that suspension despite the Collective Bargaining Agreement's express provision for such a process.

### Statement of Claims

**Claim I -- Discrimination:**

13. In PBGC's treatment of plaintiff, as noted in paragraph nos. 6-11 above, defendant intentionally violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-16 et seq., by discriminating against plaintiff based on his race or his sex or both.

14. As a result of PBGC's unlawful conduct in violating Title VII's prohibition against employment discrimination, plaintiff has suffered and continues to suffer economic losses, lost promotional and bonus opportunities, with attendant loss of pay and other benefits associated with promotions, bonuses and awards for exceptional performance, damage in the form of emotional distress, pain and suffering, as well as personal and professional humiliation and career damage.

**Claim II -- Retaliation:**

15. In PBGC's treatment of plaintiff, as noted in paragraph nos. 6-12 above, defendant intentionally violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-16

et seq., by retaliating against plaintiff because he filed and pursued race and sex discrimination claims and claims of retaliation against PBGC on his own behalf and/or on behalf of other employees.

16. As a result of PBGC's unlawful conduct in violating Title VII's prohibition against retaliation for plaintiff's prior protected EEO conduct, plaintiff has suffered and continues to suffer economic losses, lost promotional and bonus opportunities, with attendant loss of pay and other benefits associated with promotions, bonuses and awards for exceptional performance, damage in the form of emotional distress, pain and suffering, as well as personal and professional humiliation and career damage.

### Prayer for Relief

WHEREFORE, plaintiff prays that this Court order the following relief:

(a) enter judgment in his favor and against defendant on each of the claims contained in this civil action;

(b) award plaintiff compensatory damages against defendant to the fullest extent allowable under Title VII, with interest thereon;

(c) order defendant to retroactively promote plaintiff to an appropriate GS-14 level position with full back pay and other benefits;

(d) order defendant to correct all PBGC records, including plaintiff's official personnel folder, to accord with the relief order by the Court and to purge all references in such documents to this civil action and the administrative EEO complaint that proceeded it;

(e) enjoin defendant from future retaliation and discrimination against plaintiff;

(f) award plaintiff his costs of this action and the administrative complaints that preceded it, including reasonable attorneys' fees, with interest thereon, pursuant to 42 U.S.C. Section 2000e-5(k);

(g) award such other and further relief as in the opinion of this Court the interests of justice may require.

### Jury Demand

Plaintiff hereby requests a trial by jury in the instant case on all issues of fact and on questioning pertaining to the level of damages to be awarded.

Respectfully submitted,

_____
David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO
1225 Eye Street, N.W.
Suite 1290
Washington, D.C.   20005
(202) 483-0300

Attorney for Plaintiff