To:        Mrs. Michele Pilipovich, HRD Director           JAN 1 3 2004
From:      Robert T. Perry, PBGC Employee
                                                           Received
Subject:   Inappropriate Conduct of Harassment, Slander, Liable,
           Extortion, and Racketeering (RICO)

Mrs. Pilipovich, I write to you to complain of flagrant, malicious, and unlawful behavior and actions on the part of Mrs. Valda Johnson and Mr. Stuart Bernsen. Mrs. Johnson and Mr. Bernsen have over a period of approximately six months disseminated false claims against me and have tried to extort me for information in return for my dignity if they would not file a sexual harassment charge on me. I bring forward my complaint to you in that I am a federal employee of the Pension Benefit Guaranty Corporation and invoke my right to be free of inappropriate behavior and illegal activities in the workplace in accordance with appropriate United States laws, PBGC Directives, Policies, and NTEU CBA and amendments.

Mrs. Johnson and Mr. Bernsen have violated my basic employee rights for a workplace free of hostile actions. As you are aware, I along with Mrs. Johnson and Mr. Bernsen are PBGC bargaining members. However, Mrs. Johnson and Mr. Bernsen in their capacity as PBGC employees or as Union official of NAGE Local R3-77 have falsely accused me of inappropriate behaviors and actions and have distributed e-mails to PBGC employees of their accusations. I have attached for your review a series of e-mails from Mrs. Johnson whereas she has falsely told PBGC employees that I have sexually harassed two PBGC employees and that I am under investigation for this activity. Mrs. Johnson has also made a statement in an e-mail to me that she will go public with her accusation of sexual harassment against me if I do not provide her some information she wanted. I consider this an extortion by Mrs. Johnson which was supported and condoned by Mr. Bernsen.

I was further harassed by Mrs. Johnson and Mr. Bernsen, in their union capacity, when they formally charged me with sexual harassment on November 14, 2003. The formal charge was made approximately four months after Mrs. Johnson's e-mailed PBGC employees that I was under investigation for sexual harassment and approximately six months after the false accusation of harassment. The formal charge of harassment document was provided to me after my Union representative, Dwayne Jeffers, informed Mrs. Johnson that there was no formal charge against me. The initial informal charge on me by Mrs. Johnson stated that I had harassed a couple of members of the Local executive board. However, the formal charge against me stated that I harassed only Ms. Elizabeth Baker, a PBGC employee, and

NAGE Local executive member. I adamantly deny the charges set forth by the NAGE Local Executive board against me.

Mr. Bernsen has supported Mrs. Johnson retaliatory action against me when he disseminated e-mails to PBGC employees distorting my reputation using similar language as Mrs. Johnson. Mr. Bernsen is a PBGC attorney and is aware that he is held accountable for knowingly making false allegations with the intent to cause harm. Mr. Bernsen has made comments to other PBGC employees that I must pay for actions against both him and Mrs. Johnson. His actions and behavior are clearly retaliatory and have caused me harm.

The Local Union's board minus Ms. Baker later served as a trial committee on a sexual harassment allegation against me on November 24, 2003. I informed the executive board which later became the trial committee that I was scheduled not to work that day and that my representative was on leave for that week. The executive board/trial committee was also made aware that I consider both Mrs. Johnson and Mr. Bernsen as inappropriate trial members on the harassment charge against me. As you can read from an e-mails provided, Mr. Bernsen was the investigator of the sexual harassment charge against me and Mrs. Johnson if not initially, later stated that I had harassed her.

I believe Mrs. Johnson and Mr. Bernsen used their position as Union officials to harass me, intimidate me from speaking out, and reduce my ability to work effectively as a PBGC employee and Union member. The actions of the executive board to be the trial committee based on the facts of my case is contrary to National and Local Bylaws and I believe removes them from invoking Union protection under this basis.

Mrs. Johnson and Mr. Bernsen are Union employees, however, their behaviors and action against me have crossed the boundary of Union activity in that their actions were personal and not in the good order of the PBGC nor Union business. The information above and the documents attached make it clear that the actions of Mrs. Johnson and Mr. Bernsen were flagrant and with the intent to discredit my name, reduce my ability to have a workplace free of harassment and cause me mental distress. The PBGC is therefore requested to take appropriate actions to protect my rights as an employee and to provide me with a safe environment to perform my duties.

For further information on this issue, please contact me.

Respectfully Submitted

*Robert T. Perry*

Robert T. Perry