UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT T. PERRY,<br>1354 Monaco Drive<br>Severn, Maryland, 21144<br><br>PLAINTIFF,<br><br>vs.<br><br>Vincent Snowbarger,<br>Executive Director<br>Pension Benefit Guaranty Corporation<br>1200 K Street, N.W.<br>Washington, DC 20005-4026<br><br>DEFENDANT. | Case No.: **1:06CV01371**<br>Judge: **Colleen Kollar-Kotelly** |

I, Dwayne Jeffers, declare as follows:

1. I am over eighteen years of age, have personal knowledge of the facts stated in this affidavit, and am competent to testify to the matters stated herein.

2. I am currently employed as a GS-1510 Actuary in the Pension Benefit Guaranty Corporation (PBGC). I have held this position with PBGC since August 1995, and have been employed by the PBGC since August 1995. I am assigned to the US Airways Flight Attendants and Certain Employees/Salaried pension plans. See Exhibit 1.

3. I was subjected to a similar situation as Mr. Perry of unsafe and hostile activities of Stuart Bernsen, Valda Johnson and Rhonda Baird in PBGC's workplace. Stuart Bernsen, Valda Johnson and Rhonda Baird disseminated flyers, e-mails, intimidation, blackmail, slander,

inflammatory, defamatory, and libelous statements and went so far as to threaten violence against myself and Mr. Perry.

4. I have first hand knowledge that the hostile work environment activities of Stuart Bernsen, Valda Johnson and Rhonda Baird in PBGC's workplace had continued after Mr. Perry entered into a settlement agreement with PBGC on November 2005.

5. I am aware that former PBGC employees by the names of Jason Weyand and Cynthia Greene were also subjected to similar hostile activities as me and Mr. Perry when they were PBGC employees. Robert Perry, Jason Weyand, Cynthia Greene, and myself were considered potential witnesses for the Defendants in Civil Action 03-2513 where Stuart Bernsen and Valda Johnson were Plaintiffs and Rhonda Baird considered intervening as a Plaintiff. See Exhibit 2 & 3.

6. Defendant was aware of these hostile activities carried out by its employees and did not act in a prompt or appropriate manner to end the hostile work environment that was created and perpetuated against me and Plaintiff.

7. On or about late August of 2005, Ricardo Silva of HRD and Raymond Forster of OGC informed Mr. Perry and I that Stuart Bernsen and Valda Johnson were going to receive stiff suspensions while Rhonda Baird somehow slipped out of the matter. I had initiated EEO counseling based on hostile work environment in or about September 28, 2005 when I became aware that PBGC was not going to do anything to stop the hostile

activities of Stuart Bernsen, Valda Johnson and Rhonda Baird in its workplace. Ricardo Silva and Raymond Forster were the investigators who conducted two investigations into the matter before PBGC assigned Littler Mendelson law firm to conduct the investigation in this matter. Littler Mendelson was assigned to conduct the investigation in this matter after the EEO office notified PBGC'S Office of General Counsel that Mr. Perry and I initiated EEO counseling on the matter.

8. In or about November 2005, PBGC offered me the option of working out of PBGC's Kingstown office or the maximizing of flexiplace. See Exhibits 4 & 5. I did not accept the offer and filed a formal EEO complaint on January 10, 2006.

9. On or about March 2002, I settled a previous EEO complaint. Delarse Montgomery was my representative in that EEO complaint and settlement matter. On or about May 5, 2002, I was promoted without a vacancy announcement being posted or applying for the promotion.

10. PBGC did not put on my SF-50 form in the "remarks" section that it is due to EEO settlement agreement, nor any other remarks relating to any settlement whatsoever. See Exhibit 6.

11. I was the representative in a 13-day arbitration where Mr. Perry was considered the "star" witness by the arbitrator. The matter had to do with PBGC's investigation of Mr. Perry by a so-called outside and impartial investigative law firm of Shaw, Bransford, Veillux, and Roth. The arbitrator described the investigation as **"exhaustive and coercive"** and **"also one-**

sided". The arbitrator further stated that "**None of the potentially exonerating witnesses Robert Perry requested to be interviewed were contacted**". The arbitrator Robert T. Mooore, a retired Deputy Director of the Civil Rights division of the Department of Justice, was outraged to find that PBGC conducted a false and corrupt investigation to use against Mr. Perry in his previous lawsuit. Further, the arbitrator was outraged to find out that PBGC still continued to try to support the finding against Robert Perry while PBGC admitted that they took no action against Stacy Wilson, formerly Stacy Williams, who e-mailed Mr. Perry the infamous Grandma's <u>Doggy Style pornographic video clip</u>. **This pornographic video clip displayed a grandmother in a black sexual-clad outfit having sex a big black dog in the doggy-style position with the grandmother moaning and screaming with joy. At the end of the video clip, the dog pulls out and shows that the dog was well endowed.** Ms. Wilson was one of the purported witnesses claiming that Robert Perry was sexually harassing her. <u>See</u> Exhibits 7, 8 & 9.

12. The arbitrator was also outraged at the fact that a **PBGC supervisor, George Williams, admitted under oath in an EEOC hearing that he created a sexually explicit poster for his subordinate that stated "FOR NO CHARGE, FREE PUSSY, SEE DIANA LAVIK"** in front of OGC attorneys Robin Horning and Diane Wood without taking any action against the supervisor. The arbitrator was further outraged that the supervisor admitted under oath that it was wrong to engage in such

behavior and that PBGC took no action despite the subordinate filing an EEO sex discrimination complaint against the supervisor. See Exhibits 7 & 8.

13. I received threats of violence in PBGC workplace as a result of the flyers that were distributed by Stuart Bernsen, Valda Johnson and Rhonda Baird, PBGC employees. See Exhibits 10, 11, 12, 13, 14, 18, 19, 20, & 21.

14. I had employees worry and caution me about my safety as a result of the false flyers. See Exhibits 9 & 22.

15. Stuart Bernsen and Valda Johnson have been removed from being union officials at PBGC since November 2003. On or about November 2004 Stuart Bernsen was expelled from union membership with NAGE and Valda Johnson was suspended for 5 years from union membership with NAGE. Rhonda Baird was not a union official at PBGC during most of the relevant time period in this matter. Rhonda Baird did not become a union official until about February 2007. Stuart Bernsen along with his cohorts tried to create a union called IUPE to challenge the exclusive bargaining representative, NAGE, at PBGC. The election was held February 16, 2005. IUPE lost by a significant margin. I am aware that a great bit of the flyers that Mr. Perry complained about were distributed well after the February 16, 2005 election that was overseen by the FLRA. In February 2007, Mr. Perry and I attended a FLRA pre-hearings and hearings that lasted about 5 days where Stuart Bernsen is still contesting the February 16, 2005 election. The hearings had a court reporter and transcripts will be

available. I recall that during that hearing Stuart Bernsen admitted to being PBGC's "FLYER MANIAC". I also recall that PBGC attorneys, Raymond Forster and Diane Wood, were arguing that IUPE is not a legitimate recognized union and were not entitled to equal access or routine facilities and services at PBGC. See Exhibits 23, 24, 25, 26, 27, 28, & 29.

16. Most of the exhibits that are attached to my affidavit were provided to PBGC during the HRD/OGC investigations of Ricardo Silva and Raymond Forster, the Littler Mendelson law firm, and/or the PBGC's EEO office during the informal and formal complaint process.

I hereby declare under penalty of perjury under the above statement is true and complete to the best of my knowledge and believe.

*[signature]*
Dwayne Jeffers

April 13, 2007
Date