

UNITED STATES OF AMERICA
**FEDERAL LABOR RELATIONS AUTHORITY**

Thomas P. O'Neill, Jr. Federal Building
10 Causeway Street, Suite 472
Boston, Massachusetts 02222
TEL: (617) 565-5100 - FAX: (617) 565-6262

November 17, 2005

Mr. Stuart Bernsen
10719 Kings Riding Way, #102
Rockville, MD 20852

       Re: <u>National Association of Government Employees,
          Local R3-77</u>
          Case No. WA-CO-05-0361

Dear Mr. Bernsen:

  My office has investigated the above-referenced unfair labor practice charge that you filed. I have carefully considered all of the evidence and conclude that issuance of a complaint is not warranted.

  The charge alleges that the National Association of Government Employees, Local R3-77 (the Union) violated section 7116(b)(1), (2) and (8) of the Federal Service Labor Management Relations Statute (the Statute) by providing high level agency officials at the Pension Benefit Guaranty Corporation (PBGC) with copies of certain employees' e-mail messages and demanding PBGC investigate and take action against the employees, by misleading and intimidating employees who received disciplinary notices from the PBGC, by failing to disclose to the employees that Robert Perry and Dwayne Jeffers, officers of the Union, had conflicts of interest in regards to the representation of employees, by failing to represent employees, specifically Stacy Williams Wilson, and by discriminating against the employees by missing deadlines and supporting the PBGC's claims against the employees.

  The investigation revealed that on April 27, 2004, Robert Perry sent to the PBGC's Executive Director and the Inspector General an e-mail in which he complained about the inappropriate investigation into a harassment complaint against him. In this e-mail, Mr. Perry noted that many employees and management officials sent inappropriate e-mails. He attached two e-mails which he noted were vulgar, one of which was sent to him by bargaining unit employee Stacy Wilson. Mr. Perry wrote that he felt that he should continue to help PBGC do its job of weeding out inappropriate activity.

  The investigation further revealed that the PBGC found several instances of inappropriate use of e-mail based on a 2004 e-mail scan and based upon this evidence, it initiated disciplinary action against several employees. On February 10, Dwayne Jeffers, Chief Steward, informed Ms. Wilson that he had learned of her proposed suspension and informed her that an oral response was due on February 25. Although noting that she had

not designated the Union as her representative, he asked her to contact him if she needed further assistance. Ms. Wilson contacted Mr. Jeffers on February 23 asking for a meeting to discuss her options. He offered her a meeting at 11:00 a.m. that day but she was out of the office and asked for a new time. He wrote back to let him know when she was available. She did not respond by February 25, the date the oral response was due. Contrary to the Union's assertion, Ms. Wilson maintains that she had sought representation and the Union failed to represent her in time for the oral response. Ms. Wilson then sought the assistance of a newly appointed steward, Delarse Montgomery, who requested and received an extension from PBGC. He filed appeals on her behalf and ultimately the suspension was reduced to a two-day suspension. She served the time but the matter is still being appealed.

On these facts, I have concluded that the evidence fails to establish that the Union violated the Statute as alleged. The charge alleges that the Union violated the Statute by providing high level agency officials at PBGC with a copy of Ms. Williams' e-mail and demanding it investigate and take action against the employees. Section 7118(a)(4)(A) of the Statute states that no complaint shall issue on any alleged unfair labor practice which occurred more than six months before the filing of the charge. The letter at issue was written on April 27, 2004, more than six months before the charge was filed on May 11, 2005. The evidence fails to establish that you were prevented from filing a charge within 6 months of the alleged unfair labor practice. See Equal Employment Opportunity Commission, Washington D.C., 53 FLRA 487, 497 (1997) (setting forth the criteria for the equitable tolling of the statute of limitations in section 7118(a)(4)(A)); U.S. Nuclear Regulatory Commission, Washington, D.C., 44 FLRA 370, 381 (1992) (charge is timely only if the concealment or failure to comply with a duty owed prevented the filing of the charge within 6 months of the alleged events.)

The charge also alleges that Mr. Perry and Mr. Jeffers misled and intimidated employees who received disciplinary notices from the Agency by failing to disclose to the employees that Mr. Perry and Mr. Jeffers had conflicts of interest in regards to the representation of employees and that they failed to represent employees and discriminating against the employees by missing deadlines and supporting the PBGC's claims against the employees. The only evidence presented in this regard was that the Union failed to represent Ms. Williams, who is not a union member. Section 7114(a)(1) of the Statute provides that a labor organization certified as the exclusive representative of a unit of employees "...is responsible for representing the interests of all employees in the unit it represents without discrimination and without regard to labor organization membership." Although the parties disagree about whether Ms. Wilson asked for the assistance of Mr. Perry or Mr. Jeffers, the evidence does reveal that ultimately the Union, by Mr. Montgomery, did represent her and did receive an extension for her to reply to the proposed suspension. Accordingly, the Union did not fail to represent Ms. Wilson.

You may file an appeal from the Regional Director's decision in this case. Your appeal should include the case number (WA-CO-05-0361) and be addressed to the:

> Federal Labor Relations Authority
> Office of the General Counsel
> 1400 K Street, Second Floor
> Attention: Appeals
> Washington, DC 20424-0001

You can file your appeal by mail or by hand delivery. Whichever method you choose, please note that **the last day for filing an appeal in this case is December 19, 2005.** This means that a appeal that is mailed must be postmarked, or an appeal must be hand delivered, no later than December 19, 2005. Please send a copy of your appeal to the Regional Director. You should also notify the other parties in the case that you have filed an appeal, but you do not have to send them a copy of your appeal.

If you need more time to prepare your appeal, you may ask for an extension. Mail or hand deliver your request for an extension of time to the Office of the General Counsel at the address listed above. You should also notify the other parties in the case that you have requested an extension of time. Because requests for an extension of time must be **received** at least five days before the date the appeal is due, any request for an extension of time in this case must be received at the above address no later than **December 14, 2005.**

The procedures and time limits for filing an appeal, and the grounds for granting an appeal are contained in Volume 5 of the <u>Code of Federal Regulations</u> at section 2423.11. (5 C.F.R. 2423.11) These regulations may be found at any FLRA Regional Office, public law library, some large general purpose libraries, Federal Personnel Offices, and the FLRA website — www.flra.gov. The attachment to this letter entitled, "Questions and Answers about Unfair Labor Practice Appeals to the Office of the General Counsel" includes an explanation of the Appeals review policy and the Grounds for granting an appeal which may be helpful in preparing your appeal.

Sincerely,

Richard D. Zaiger
Regional Director
Boston Region

Enclosures: Appeals Question and Answers

cc:  Office of the General Counsel
Federal Labor Relations Authority
Office of the General Counsel
1400 K Street NW, 2nd Floor
Washington, DC 20424-0001

Ms. Gina Lightfoot-Walker
National Association of Government Employees
317 South Patrick Street
Alexandria, VA 22314