

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

Mr. John Seal, Acting Executive Director
Pension Benefit Guaranty Corporation
1200 K Street, N.W.
Washington, D.C. 2005-4026

Re:    Response to your letter of July 23, 2001

Dear Mr. Seal:

In your letter you request advice concerning the structure of the EEO program at the Pension Benefit Guaranty Corporation (PBGC). You indicated that your employee union, Local R3-77 of the National Association of Government Employees (NAGE), had challenged your agency's program in arbitration. You request that the EEOC analyze a proposed re-structuring of the EEO program and let you know whether it is appropriate under EEO Management Directive (MD) 110.

On August 2, 2001, Mr. Edward J. Smith, Counsel for the NAGE and Local R3-77, wrote the EEOC that the union believed the EEOC did not have jurisdiction over the dispute because it was pending before an arbitrator pursuant to a collective bargaining agreement between the parties. Mr. Smith also stated that EEOC regulations do not allow for EEOC advisory opinions in arbitrations. In support of his contentions, Mr. Smith submitted a copy of June 1, 2001, decision wherein Arbitrator Gloria Johnson ordered the PBGC to submit a plan to eliminate areas where there were conflicts of interest and impermissible interference in the agency's EEO complaint process in violation of EEOC's regulations and EEO MD 110. The Arbitrator ordered PBGC to submit a plan to eliminate such conflicts within 90 days of PBGC's receipt of the Arbitrator's decision.

The Commission has a role in providing technical assistance to agencies in order to further compliance with EEOC regulations and EEO Management Directive 110. Therefore, we point out to you the specific requirements of EEOC Regulations, 29 C.F.R. Part 1614, and MD-110, that may be helpful for you.

First, 29 C.F.R. § 1614.102(b)(4) mandates that the EEO Director "shall be under immediate supervision of the agency head." This reporting relationship ensures that the EEO Director is able to act with the greatest degree of independence and underscores the importance of equal employment opportunity to the mission of the agency. EEO-MD 110 at 1-2.

Second, EEO MD-110 at 1-2 provides that the same agency official(s) responsible for executing and advising on personnel actions may not also be responsible for managing, advising, or overseeing the EEO pre-complaint or complaint processes. This is because EEO complaints

2

often challenge the motivation and impact of personnel actions and decisions. Id. Therefore, to maintain the integrity of the EEO investigative and decision making processes, these processes must be kept separate from the personnel function. Id.

Third, EEO MD-110 at 1-2 mandates that heads of agencies not permit intrusion on the investigations and deliberations of EEO complaints by agency representatives and offices responsible for defending the agency against EEO complaints. It also requires that legal sufficiency reviews of EEO matters must be handled by a functional unit that is separate and apart from the unit which handles agency representation in EEO complaints. It further states that impartiality or the appearance of impartiality is undermined where members of the office where the representative is employed have the legal sufficiency function with respect to cases in which a colleague served as agency representative.

In your letter of July 23, 2001, you note that the PBGC is a small agency. You serve as Chief Management Officer and as the EEO Director. In those capacities you are responsible for both personnel matters and the EEO program. You indicate that working under you are a full-time EEO Manager, a full-time EEO Specialist, and collateral-duty counselors. PBGC also has an attorney in the Office of General Counsel who performs several functions (hereinafter referred to as the Senior Counsel). He serves as a labor-management relations attorney and provides advice to the Human Resources Department; he serves as an EEO advisor to you and the EEO Manager on EEO matters; he writes or oversees the writing of appeal briefs in support of agency procedural dismissal decisions; and he conducts legal sufficiency reviews of agency EEO decisions. The Senior Counsel reports directly to the General Counsel for supervision of his EEO duties, and to the Deputy General Counsel of General Law & Operations for his non-EEO duties. The Deputy General Counsel serves as the second-level supervisor for attorneys who represent PBGC in EEOC administrative hearings.

Having the Chief Management Officer serve as the EEO Director gives the agency official who is responsible for personnel matters control over the EEO program. This provides neither the independence nor the appearance of independence that is needed to satisfy the requirements of EEO-MD-110 and to maintain a credible EEO Program. This problem could be easily resolved by having the EEO Manager, serve as the EEO Director reporting directly to the head of the agency. Alternately, the Deputy Executive Director and Chief Financial Officer could be designated as the EEO Director, reporting to directly to the head of the agency on EEO matters. Either change would completely separate the EEO functions and the management/personnel functions that are often the subject of EEO complaints instead of having one individual responsible for both.

A similar problem is created by having the Senior Counsel provide legal advice to both the Human Resources Department and the EEO Program. This mingling of duties is expressly prohibited by EEO MD-110 at 1-2. The agency official responsible for advising on personnel actions may not also be responsible for advising on the EEO pre-complaint or complaint

3

processes. Id. These functions must be separate to maintain the integrity of the EEO investigative and decision-making processes. Id.

Similarly, maintaining distance between the fact-finding and defensive functions of the agency enhances the credibility of the EEO office and the integrity of the EEO complaints process. Id. EEO-MD-110 explains at 1-2 that impartiality or the appearance of impartiality is undermined where members of the office or functional unit where the agency representative is employed have the legal sufficiency function with respect to cases in which a colleague served as agency representative.

While PBGC is a small agency, it is one of several small agencies who are members of the Small Agency Council. It may be possible for small agencies such as yours to share legal advisors on EEO matters just as it is the practice of some small agencies to share mediators with one another. For example, two agencies could agree to a process in which the legal sufficiency review of decisions of one agency are done by the other agency's legal staff. Alternatively, an attorney could be hired on a part-time basis to provide EEO-related services and other services unrelated to personnel or EEO defense matters.

EEO-MD 110 does not mandate any particular agency structure. However, whatever the PBGC decides to do, it should separate the EEO advice and legal sufficiency review functions from the personnel advice and agency defense functions to comply with EEO-MD-110.

I hope this information is helpful to you.

Sincerely,

R. Edison Elkins, Director
Federal Sector Programs