# ATTACHMENT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT T. PERRY,<br>   1354 Monaco Drive<br>   Severn, Maryland 21144,<br><br>      Plaintiff,<br><br>      v.<br><br>ELAINE L. CHAO,<br>   Chairwoman,<br>   Pension Benefits Guaranty Corp.,<br>   1200 K Street, N.W.,<br>   Washington, DC 20005-4026,<br><br>   and<br><br>BRADLEY D. BELT,<br>   Executive Director,<br>   Pension Benefits Guaranty Corp.,<br>   1200 K Street, N.W.,<br>   Washington, DC 20005-4026,<br><br>      Defendants. | CASE NUMBER  1:04CV01991<br><br>JUDGE  Colleen Kollar-Kotelly<br><br>DECK TYPE: Employment Discrimination<br><br>DATE STAMP: 11/15/2004 |

**COMPLAINT**

(Employment Discrimination and Retaliation)

Introduction

1.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e *et seq.*, and as further amended by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and pursuant to the Age Discrimination in Employment Act, as amended, 29 U.S.C. Section 633a  to remedy acts of discrimination in employment practices by the Pension Benefit Guaranty Corporation against plaintiff because of his race (African-American) and/or his color (black) and/or his sex (male) and/or his age and/or in retaliation for his having engaged previously in protected civil

rights activity.

### Jurisdiction

2.      This Court has subject matter jurisdiction over the claims raised herein pursuant to Title VII of the Civil Rights Act of 1964, as amended, under 42 U.S.C. § 2000e-16(c), plaintiff having exhausted all available administrative remedies on his claims as of the date the instant civil action has been filed.

### Venue

3.      Venue is proper in the District of Columbia as the actions that form the basis of the claims contained in this case occurred here, plaintiff's personnel records at the Pension Benefit Guaranty Corporation are maintained here, and plaintiff continues to work for the Pension Benefit Guaranty Corporation in this judicial district as he would have absent the discriminatory/retaliatory conduct alleged herein.

### Parties

4.      Plaintiff is a black, African-American male citizen of the United States and a resident of the State of Maryland. He is currently employed, and at all times relevant to this complaint was employed, by the Pension Benefit Guaranty Corporation. He is currently a GS-511-11 Auditor with the Pension Benefit Guaranty Corporation.

5.      Defendants are Elaine L. Chao and Bradley D. Belt, the

Chairman and the Executive Director, respectively, of the Pension Benefit Guaranty Corporation (hereinafter "PBGC"). Either one or the other (or both acting together) is the head of the PBGC, which is an agency within the Executive Branch of the Government of the United States that has had more than 500 employees in at least 20 calendar weeks during the past year. In short, as its Chairman or as its Executive Director, Ms. Chao or Mr. Belt, or both together, are responsible for the personnel actions, omissions and practices within PBGC. Each is here sued only in her/his official capacity as head of PBGC.

### Statement of Facts

6. Plaintiff is a 43-year old African-American male. He is currently a GS-511-11 Auditor with the PBGC's Insurance Operations Department in the Standard Terminations Compliance Division's Compliance and Audits Branch.

7. He graduated from Morgan State University in Baltimore, Maryland in 1985 with a Bachelor of Science degree in Accounting. He served as an officer in the United States Army from September of 1984 until September of 1992, leaving as a Captain, and is a Major in the U.S. Army Reserve (in the Quartermaster Corps). He was a Union Shop Steward and served as Union Vice President from April of 1999 to July of 2003, and therefore he regularly represented PBGC employees who are members of the National Association of Government Employees (hereinafter "NAGE") Local R3-77 and who are members of the bargaining unit under the Collective Bargaining Agreement

between that union and the PBGC, including in presenting and prosecuting claims of employment discrimination on behalf of such persons.

8. Plaintiff has been employed by the PBGC since February of 1993.

9. On April 7, 2000 Plaintiff applied for promotional career advancement opportunities to the GS-511-13 level Auditor position advertised by Vacancy Announcement LW00-0084. He was not selected because of discrimination and timely filed a race, color and sex discrimination claim with the PBGC and which he later timely appealed to the EEOC. On September 26, 2003, the EEOC issued a final decision in favor of the PBGC and against plaintiff on this administrative EEO claim. On December 3, 2003, plaintiff timely filed a complaint in this Court to remedy his non-selection to the Auditor position, a claim that is currently being litigated in *Perry v. Chao*, C.A.No. 03-02495 (CKK).

10. After he filed the aforementioned administrative EEO claim and prior to filing his December 3, 2003 lawsuit in this Court, on or about January 22, 2003 plaintiff applied for the vacant GS-1160C-12 Financial Analyst position in the Insurance Operations Department's ("IOD") Pre-termination Processing Division ("PPD") advertised by Vacancy Announcement VK03-0037. On or about June 10, 2003 plaintiff also applied for the vacant GS-343-13/14 Management & Program Analyst position in IOD's Operations and Actuarial Systems Division ("OASD") advertised by Vacancy Announcement GM03-0088. Plaintiff was not selected for either of

these positions because of his color, sex, age, and/or to retaliate against him for his prior EEO activities.

11. On August 29, 2003, plaintiff filed a timely formal complaint to remedy the discriminatory and/or retaliatory decision not to select him to the GS-1160C-12 Financial Analyst position in the IOD's PPD. Plaintiff has exhausted his administrative remedies on this claim as 180 days have now passed since it was filed and there has not been a final agency decision.

12. On August 15, 2003, shortly after he learned that he was not selected for the GS-343-13/14 Management & Program Analyst position in the IOD's OASD plaintiff contacted an EEO counselor. On April 23, 2004 plaintiff timely filed a formal complaint to remedy the discriminatory and/or retaliatory decision not to select him for the GS-343-13/14 Management & Program Analyst position. As 180 days have now passed since he filed this EEO complaint and there has been no final agency decision, plaintiff has exhausted his administrative remedies on this claim.

13. In 2003, the NAGE local R3-77 filed a complaint in this Court against the NAGE to resolve a bitterly contested matter. As part of the NAGE proceedings, false allegations that plaintiff sexually harassed a PBGC employee surfaced. In January of 2004 -- approximately one month after plaintiff filed his first complaint in this Court -- PBGC counsel initiated an investigation relating to the alleged harassment in May of 2003. PBGC did this despite the fact that the allegation was stale -- over eight months old -- and despite the fact that the woman who was allegedly sexually

harassed chose not to file a complaint against plaintiff, and when questioned later, she affirmatively stated that she would not file a complaint against him. PBGC discriminated and retaliated against plaintiff when they initiated a meritless investigation.

14. On or around January 22, 2004 plaintiff received an order from the PBGC's Office of General Counsel that required him to participate in the investigative process. The next day, plaintiff received a threat from his supervisor that if he does not contact the investigator then he will face disciplinary action including termination.

15. Plaintiff filed an EEO complaint because of the discriminatory and retaliatory motivated investigation. That complaint was dismissed on June 16, 2004 without a proper investigation. On June 30, 2004 plaintiff was informed that PBGC found that he sexually harassed Elizabeth Baker. That same day, plaintiff filed a complaint designated PBGC EEO Complaint No. 04-11 to remedy PBGC's failure to properly investigate his claim and to remedy the discriminatory and retaliatory nature of PBGC employee's statements that slanderously and libelously labeled him as a sexual harasser, thereby tarnishing his professional reputation and further damaging his career. On October 13, 2004, PBGC dismissed PBGC EEO Complaint No. 04-11 notifying him of his right to sue.

### Statement of Claims

Claim I -- Discrimination:

16. In PBGC's treatment of plaintiff, defendant intentionally

- 6 -

violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2 et seq., and the Age Discrimination in Employment Act, as amended, 29 U.S.C. Section 633a by discriminating against plaintiff based on his color, and/or his sex, and or his age.

17. As a result of PBGC's unlawful conduct, plaintiff has suffered and continues to suffer economic losses, lost promotional and bonus opportunities, with attendant loss of pay and other benefits associated with promotions, damage in the form of emotional distress, pain and suffering, as well as personal and professional humiliation and career damage.

**Claim II -- Retaliation:**

18. In PBGC's treatment of plaintiff, defendant intentionally violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2 et seq. and the Age Discrimination in Employment Act, as amended, 29 U.S.C. Section 633a by retaliating against plaintiff because he filed and pursued discrimination claims and claims of retaliation against PBGC on his own behalf and/or on behalf of other employees.

19. As a result of PBGC's unlawful conduct in violating Title VII's prohibition against retaliation for plaintiff's prior protected EEO conduct, plaintiff has suffered and continues to suffer economic losses, lost promotional and bonus opportunities, with attendant loss of pay and other benefits associated with promotions, damage in the form of emotional distress, pain and suffering, as well as personal and professional humiliation and career damage.

## **Prayer for Relief**

WHEREFORE, plaintiff prays that this Court order the following relief:

(a) enter judgment in his favor and against defendant on each of the claims contained in this civil action;

(b) award plaintiff compensatory damages against defendant to the fullest extent allowable under Title VII, with interest thereon;

(c) order defendant to promote plaintiff to an appropriate GS-13 level position with full back pay (with interest thereon) and other benefits, retroactive to earliest time discrimination or retaliation is found;

(d) order defendant to correct all PBGC records, including plaintiff's official personnel folder ("OPF"), to accord with the relief order by the Court and to purge all references in such documents to this civil action and the administrative EEO complaints that proceeded it;

(e) enjoin defendant from future retaliation and discrimination against plaintiff;

(f) award plaintiff his costs of this action and the administrative complaints that preceded it, including reasonable attorneys' fees, with interest thereon, pursuant to 42 U.S.C. Section 2000e-5(k);

(g) award such other and further relief as in the opinion of this Court the interests of justice may require.

## Jury Demand

Plaintiff hereby requests a trial by jury in the instant case on all issues of fact and on questioning pertaining to the amount of damages to be awarded.

Respectfully submitted,

_____
David H. Shapiro
D.C. Bar No. 961326
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
(202) 842-0300

Attorney for Plaintiff