UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT T. PERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>VINCENT K. SNOWBARGER, Executive Director of the Pension Benefit Guaranty Corporation,<br><br>    Defendant. | Civil Action No. 06-1371 (CKK) |

**MEMORANDUM OPINION**
(December 11, 2008)

Plaintiff Robert Perry, a former employee of the Pension Benefit Guarantee Corporation, brings this case against Vincent Snowbarger, in his official capacity as Director of the Pension Benefit Guaranty Corporation. The parties previously litigated two lawsuits before this Court that culminated in a Stipulation of Settlement and Dismissal in November 2005. *See* No. 03-2495, *Perry v. Chao* (Nov. 8, 2005), Docket No. [30]; No. 04-1996, *Perry v. Chao* (Nov. 8, 2005), Docket No. [20]. Plaintiff filed the present lawsuit less than one year later on August 2, 2006, alleging retaliation, hostile work environment, and breach of the parties' Settlement Agreement.

Currently pending before the Court is Defendant's [11] Motion to Dismiss or, in the alternative, Motion for Summary Judgment. Plaintiff has filed an Opposition arguing, *inter alia*, that he is entitled to discovery pursuant to Federal Rule of Civil Procedure 56(f). *See* Pl.'s Opp'n, Ex. D (Affidavit of A. Taragin). Defendant has filed a Reply. Upon a searching review of the Parties' submissions, applicable case law, statutory authority, and the entire record of the

case herein, the Court shall GRANT Plaintiff's request to take discovery pursuant to Rule 56(f), DENY WITHOUT PREJUDICE Defendant's Motion for Summary Judgment, GRANT-IN-PART Defendant's Motion to Dismiss as to any claims asserted under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and DENY-IN-PART Defendant's Motion to Dismiss as to all other claims, for the following reasons.

## LEGAL STANDARDS AND DISCUSSION

Federal Rule of Civil Procedure 56(f) provides that:

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Fed. R. Civ. P. 56(f). The D.C. Circuit has explained that discrimination cases ordinarily cannot be resolved based on an administrative record and that plaintiffs are generally entitled to take discovery that might reveal, for example, motivations that "lie at the heart of [] discrimination claims." *Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1045-46 (D.C. Cir. 2008).

In the present case, Plaintiff has identified potential discovery that is needed to oppose Defendant's Motion for Summary Judgment, including (but not limited to) discovery relating to Defendant's placement of certain information in Plaintiff's SF-50 forms and whether Defendant has previously placed the same information in similarly situated employees' SF-50 forms, as well as discovery relating to Defendant's actions in response to Plaintiff's concerns about his safety in the workplace. *See* Pl.'s Opp'n, Ex. D ¶¶ 8, 10 (Affidavit of A. Taragin). The Court recognizes that certain of Plaintiff's proffered areas of discovery concern events or conduct that occurred prior to the parties' Stipulation of Settlement (and, consequently, events or conduct that would

not give rise to cognizable claims), and that the discovery in this case must be appropriately circumscribed to the events and conduct occurring *after* the date of the Stipulation of Settlement. Nevertheless, the Court finds that Plaintiff's Opposition and the attached Rule 56(f) affidavit sufficiently demonstrate that Plaintiff is entitled to take discovery and should not be forced to litigate the merits of his claims based only on the documentation that is currently available. *See Chappell-Johnson v. Powell*, 440 F.3d 484, 489 (D.C. Cir. 2006) (finding that the plaintiff was entitled to take discovery where her counsel's Rule 56(f) affidavit identified evidence that might raise an inference of discrimination). Accordingly, the Court shall grant Plaintiff's request for discovery under Rule 56(f), and shall deny Defendant's Motion for Summary Judgment without prejudice.

As for Defendant's Motion to Dismiss, Defendant's long recitation of facts and large block quotes from various cases make it difficult to assess which of Defendant's arguments, if any, do not rely on contested factual matters. Nevertheless, Defendant's Motion appears to argue that Count I (hostile work environment based on race) and Count II (hostile work environment based on retaliation) should be dismissed because "[t]he relevant allegations in the instant action do not meet [the] standard [for establishing a hostile work environment]." Def.'s Mot. at 23. As reflected in Plaintiff's Rule 56(f) affidavit, however, many of these allegations concern disputed facts as to which discovery has not yet been taken, *see* Pl.'s Opp'n, Ex. D (Affidavit of A. Taragin), and a motion to dismiss is not the appropriate vehicle for evaluating the character or consequences of acts alleged to create a hostile work environment. *See Holmes-Martin v. Leavitt*, 569 F. Supp. 2d 184, 193 (D.D.C. 2008) (denying the defendant's motion to dismiss the plaintiff's hostile work environment claim because notice pleading only requires that the plaintiff

plead facts that "support" a claim, not those that "establish" it).  Accordingly, the Court shall deny Defendant's Motion to Dismiss Counts I and II.

Similarly, Defendant's Motion to Dismiss appears to argue that Count III (retaliation) should be dismissed because "[t]he few facts that Plaintiff alleges beyond the settlement date do not satisfy [the] standard [of retaliation set forth in *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)]."  Def.'s Mot. at 24.  In *Burlington Northern*, the Supreme Court explained that the anti-retaliation provision of Title VII applies to employer actions that "could well dissuade a reasonable worker from making or supporting a charge of discrimination."  548 U.S. at 58.  In this case, whether Defendant's actions ultimately meet this standard cannot be determined at this stage of the litigation, particularly where Defendant is relying on the facts (or lack thereof) presently in the record, and where Plaintiff argues that discovery is needed to demonstrate the nature and consequences of Defendant's actions.  *See Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008) ("[a]t the motion to dismiss stage, the district court cannot throw out a complaint even if the plaintiff did not plead the elements of a prima facie case"); *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000) ("Because racial discrimination in employment is 'a claim upon which relief can be granted,' . . . 'I was turned down for a job because of my race' is all a complaint has to say to survive a motion to dismiss under Rule 12(b)(6)") (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)).  Accordingly, the Court shall deny Defendant's Motion to Dismiss as to Count III of Plaintiff's Amended Complaint.

Defendant argues that Claim IV (breach of settlement) should be dismissed for want of jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1).  The Tucker Act provides that:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding tort.

28 U.S.C. § 1491(a)(1).  The D.C. Circuit has held that any contract claim against the United States to recover more than $10,000 falls within the *exclusive* jurisdiction of the Court of Federal Claims pursuant to this Tucker Act provision.  See *Hansson v. Norton*, 411 F.3d 231, 232 (D.C. Cir. 2005).  The D.C. Circuit has also held that settlement agreements constitute contracts that are subject to the Tucker Act.  See *Schaffer v. Veneman*, 325 F.3d 370, 372 (D.C. Cir. 2003).  Because Count IV of Plaintiff's Amended Complaint asserts a breach of the parties' settlement agreement and resulting damages of $300,000, *see* Am. Compl. ¶¶ 47 - 49(a), the Tucker Act and the above-referenced case law would ordinarily deprive the Court of jurisdiction over the claim.

In this case, however, Count IV of Plaintiff's Amended Complaint is subject to the Court's ancillary jurisdiction.  The United States Supreme Court has explained that ancillary jurisdiction is appropriately asserted: (1) "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent," and (2) "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 379-380 (1994).  As to this second exception, the Supreme Court explained that it specifically encompasses instances where a Court has retained jurisdiction over a settlement agreement:

> [ancillary jurisdiction exists where] the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (*such as a provision 'retaining jurisdiction' over the settlement agreement*) or by incorporating the terms of the settlement agreement in the order.  In that event, a breach of the agreement would be a violation of the order, and ancillary

jurisdiction to enforce the agreement would therefore exist.

*Id.* at 381 (emphasis added).

In this case, the parties submitted their Stipulation of Settlement and Dismissal to the Court to enter as an Order. *See* No. 03-2495, *Perry v. Chao* (Nov. 8, 2005), Docket No. [30]; No. 04-1996, *Perry v. Chao* (Nov. 8, 2005), Docket No. [20]. The Court's Order specifically provided that "the Court [would] retain[] jurisdiction as necessary to enforce the terms of this Stipulation of Settlement and Dismissal." *Id.* Because the Court retained jurisdiction to enforce the terms of the parties' settlement, and because Count IV of Plaintiff's Amended Complaint alleges that Defendant breached the settlement agreement, the Court finds that it has ancillary jurisdiction to hear Count IV of Plaintiff's Amended Complaint.[1] Accordingly, the Court shall deny Defendant's Motion to Dismiss Count IV of the Amended Complaint.[2]

One final issue remains. Plaintiff appears to bring Counts I, II, and III under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq. See generally* Pl.'s Opp'n at 1-40. Plaintiff's Amended Complaint nevertheless also asserts jurisdiction under 42 U.S.C. §§ 1981, 1983, 1985,

---

[1] Defendant half-heartedly seeks to draw a distinction between jurisdiction to "enforce" the terms of an agreement and jurisdiction to hear a claim for "breach" of an agreement. *See* Def.'s Reply at 2-3. Not only does Defendant fail to cite any authority for such a distinction, but the Supreme Court's discussion in *Kokkonen* specifically undermines it because, in that case, the Court explained that a "breach of the agreement" would give rise to ancillary jurisdiction "to enforce the agreement." 511 U.S. at 380.

[2] Defendant's Motion suggests that if the Court has jurisdiction over Count IV of the Amended Complaint, the Court should find that Defendant did not breach the parties' settlement agreement. *See* Def.'s Mot. at 35. Because Plaintiff's claim alleges that Defendant breached the agreement by engaging in conduct giving rise to Counts I, II, and III of the Amended Complaint, and because that conduct is subject to factual disputes that will be the subject of discovery in this case, the Court cannot (and does not) reach the merits of Defendant's argument concerning whether or not the agreement was breached.

and 1986. Defendant's Motion to Dismiss appropriately seeks to dismiss any claims raised by Plaintiff under these statutes because Title VII "'provides the exclusive remedy for claims of discrimination in federal employment.'" *Richardson v. Wiley*, 569 F.2d 140, 141 (D.C. Cir. 1977) (per curiam) (quoting *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 835 (1976). *See also Cross v. Samper*, 501 F. Supp. 2d 59, 62 (D.D.C. 2007) ("Title VII is the 'exclusive and pre-emptive' remedy available to federal employees asserting claims related to EEO protected activity or statements") (citing *Brown*, 425 U.S. at 829). In addition, Plaintiff failed to respond to this argument in his Opposition, and in this district, when "a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded." *Fox v. Am. Airlines, Inc.*, 295 F. Supp. 2d 56, 58 (D.D.C. 2003). Accordingly, to the extent Plaintiff sought to assert claims arising under any statute other than Title VII, such claims shall be dismissed from this action.

## CONCLUSION

For the reasons set forth above, the Court shall GRANT Plaintiff's request to take discovery pursuant to Rule 56(f), DENY WITHOUT PREJUDICE Defendant's Motion for Summary Judgment, GRANT-IN-PART Defendant's Motion to Dismiss as to any claims asserted under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and DENY-IN-PART Defendant's Motion to Dismiss as to all remaining claims. An appropriate Order accompanies this Memorandum Opinion.

Date: December 11, 2008

                                                             /s/
                                                  COLLEEN KOLLAR-KOTELLY
                                                  United States District Judge